30 So.2d 648

### Ex parte DAVIS et al.

5 Div. 426.

Supreme Court of Alabama.

May 22, 1947.

Lawrence F. Gerald and Gerald & Gerald, all of Clanton, for petitioners.

Omar L. Reynolds and Reynolds & Reynolds, all of Clanton, for respondent.

LIVINGSTON, Justice.

This is a petition filed by Wallace E. Davis and Willie Mae Davis, each sepa-

rately, praying that a writ of mandamus or other appropriate writ be issued to Hon. Arthur Glover, Judge of the Nineteenth Judicial Circuit, in Equity, and as Circuit Judge of Chilton County, in Equity. The petition sets forth and avers the following: That on September 14, 1946, one Florence Davis filed in the Circuit Court, in Equity, of Chilton County, her bill of complaint, seeking a divorce from her husband, Wallace E. Davis, a copy of the bill being attached to the petition as exhibit "A." This bill of complaint is based on the charge of cruelty, and in addition to seeking a divorce, sets up that said parties have two children born to them of said marriage, viz., Glenda Vivian Davis, a girl of five years, and Barbara Florence Davis, a girl three years of age. Complainant, Florence Davis, seeks the custody of these children. The bill also seeks temporary and permanent alimony for their support, and solicitor's fees. It avers that complainant, Florence Davis, is a resident citizen of Chilton County, and that respondent, Wallace E. Davis, is a resident citizen of Montgomery County. The averment upon which jurisdiction is based in Chilton County is "That at the time of said separation they were residing in Chilton County, Alabama."

Thereafter, on October 12, 1946, the respondent, Wallace E. Davis, filed a plea in abatement setting out that from the time prior to the separation of said parties and continuing at all times subsequent, and to the filing of said plea, that he did not have his legal residence or domicile in Chilton County, and did not have such residence or domicile at the time of the separation of the parties, and that at the time of the separation, he was not a resident citizen of Chilton County, but that at all the times involved he was a resident of DeKalb County, having there his legal residence and domicile, and that he was only temporarily located in Montgomery undergoing medical treatment by the United States Veterans Administration. A copy of said plea is attached to the petition as exhibit "B."

After the filing of the bill of complaint, and on September 25, 1946, the said Florence Davis filed in said circuit court, in equity, a petition against said Wallace E. Davis, and his mother, Willie Mae Davis,

who is the other petitioner in this cause (a copy of which is attached to the petition as exhibit "C"), which sought the immediate determination by the court of the temporary custody of said children. There appears in the fourth paragraph of the petition a copy of the order or decree rendered by Hon. Arthur Glover, as such judge, setting such petition for hearing before him on October 19, 1946, and directing the said Wallace E. Davis and Willie Mae Davis to have said children before said court on that date, there to be dealt with according to law. On October 19, 1946, the petitioners, Wallace E. Davis and Willie Mae Davis, filed their plea in abatement, verified by their oath (a copy of which plea is attached to the petition as exhibit "D"), and said plea set up the same facts as to the residence of Wallace E. Davis as were contained in his plea to the original bill, and also set up that at all times the said Willie Mae Davis was not a resident citizen of Chilton County, but was a resident citizen of and having her legal residence and domicile in DeKalb County. On the same day, and on subsequent dates, the Circuit Court of Chilton County proceeded to hear and determine both of the above mentioned pleas in abatement, and there appears in the beginning of the testimony taken on said hearing, all of which is attached to the petition as exhibit "E," the statement that the hearing of said pleas was consolidated and the court tried said pleas together. The entire testimony offered for and against said pleas is attached and made exhibit "E" of the petition. The question presented by the petition is whether or not such pleas in abatement were sustained. On October 28, 1946, the Circuit Court, in Equity, of Chilton County overruled each of said pleas, separately, and to this action of the court each of the petitioners excepted.

It was held in Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510, that mandamus may be employed to vacate a decree denying a plea in abatement in a divorce case because of the public interest in such cases.

Here, as in the Weissinger case, the primary inquiry relates to venue and whether the divorce action against Wallace E. Davis should have been brought in Chilton Coun-

ty, or in DeKalb County, the original domicile of said Davis. No argument being made to the contrary, we take it that the determination of venue in the divorce proceedings determines the venue as to custody of the minor children of the parties, and the right to the writ of mandamus on the part of Willie Mae Davis, a resident of DeKalb County, and the mother of Wallace E. Davis, and who is alleged to have the custody of said minors.

In pertinent part, section 28, title 34, Code of 1940, provides:

"Bills for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred" etc.

The law controlling the case is not in dispute, and we can see no good reason to here restate the applicable principles so recently pronounced by this Court in the Weissinger case, supra.

The decree of the lower court overruling the pleas in abatement is premised upon the theory that both the parties to the divorce proceeding resided in Chilton County when the separation occurred. The question presented in the court below and here is one of fact.

■ The testimony was taken ore tenus before the trial judge, and the usual presumption prevails in favor of the correctness of his finding of facts.

That Mrs. Willie Mae Davis is, and has been practically all of her life, a resident of DeKalb County, is undisputed; and the following facts are likewise not questioned. Wallace E. Davis was born and reared in DeKalb County. He and Florence Davis were married in Anniston, Calhoun County, on July 23, 1940, at which time they were students at Jacksonville State Teachers College, at Jacksonville, Alabama. They continued in school for a short time, then resigned and moved to Wetumpka, Elmore County, where Mr. Davis entered the employ of his brother-in-law, one Klinner, who was engaged in the furniture business, operating several stores. Mr. Davis worked in the Wetumpka furniture store until about April 1941, when he was transferred to a store in Talladega, Talladega County, by

Klinner, where he and his wife resided until about January 1944, when he was inducted into the armed service. Their first child was born in Wetumpka, and their second in Talladega. When his induction became imminent, he arranged for a home for his wife and children in Fort Payne. The mother of Mr. Davis, and who is one of the petitioners, resided with Mrs. Florence Davis and the children, the latter paying the rent out of the allotment provided by her husband. Mr. Davis registered for military service at Wetumpka, but gave his address as Route 1, Chavies, DeKalb County. Mr. Davis returned from overseas duty in November 1945, and was discharged from military service in March 1946. Mrs. Davis instituted suit for divorce in Chilton County on September 14, 1946.

As to the relevant events occurring between the time of Davis' return from overseas duty in November 1945, and the institution of the divorce proceedings in September 1946, the evidence affords the basis for conflicting conclusions. It is a fact that in November 1945, Davis moved, or at least assisted in moving, his wife and their two children from DeKalb to Chilton County; but that Davis himself has never stayed in Chilton County but a few days at a time, and only on about four occasions. It further appears without dispute that sometime after Mrs. Florence Davis moved to Chilton County she visited her parents in Lauderdale County, and while there, because of an epidemic of infantile paralysis, the two children were sent to Mrs. Willie Mae Davis in DeKalb County, and where they were when the divorce proceeding was instituted.

A further analysis of the testimony with conflicting tendencies as to the one issue involved would serve no useful purpose and only extend this opinion to undue length. Section 66, title 13, Code of 1940.

■■ The law is well established that a domicile once acquired, is presumed to exist until a new one has been gained facto et animo. Bragg v. State, 69 Ala. 204; Caheen v. Caheen, 233 Ala. 494, 172 So. 618; Ex parte Weissinger, supra. And in order to displace the former original domicile by the acquisition of one of choice,

actual residence and intent to remain at the new one must concur. "Domicile of choice is entirely a question of residence and intention, or, as is frequently put, of factum et animus." 28 C.J.S., Domicile, § 9, p. 11; Ex parte Weissinger, supra.

All the testimony has been given our careful consideration, and after indulging the usual presumption to be accorded the finding of the trial court on testimony ore tenus, we are clear to the conclusion that Wallace E. Davis was not, at the time the separation occurred, a resident of Chilton County. As against the positive testimony of Davis, the facts and circumstances relied on to establish Davis' domicile in Chilton County fall far short of convincing us that he ever intended to establish a residence there; and, therefore, the circuit court of that county did not have jurisdiction.

We take judicial notice of a change in the presiding judge of the circuit court. We may well assume that the present presiding judge will recognize the ruling here made and sustain the plea in abatement, thus eliminating any necessity for a revivor contemplated by section 1077, title 7, Code of 1940. The writ will accordingly not now issue, but will be issued only conditionally in the event a necessity arises for the application of the above cited statute.

Writ awarded conditionally.

GARDNER, C. J., and FOSTER, LAWSON, and STAKELY, JJ., concur.