570

63 So.2d 702

**KEMP v. KEMP.**

**1 Div. 519.**

Supreme Court of Alabama.

Feb. 26, 1953.

Rehearing Denied March 26, 1953.

W. R. Martin, Ozark, for appellant.

Shelton Street, Mobile, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court granting Toy Kemp (appellee) a divorce from the bonds of matrimony from Fannie Pearl Kemp (appellant).

The allegations of the bill show among other things substantially the following. That the complainant is and has been for more than one year next before the filing of the bill of complaint a bona fide resident of the State of Alabama, Mobile County, and that the respondent is a resident of Ozark, Alabama; that more than one year before the time this suit was started the respondent voluntarily abandoned the bed and board of complainant in Mobile County, Alabama, and has never returned to him or cohabited with him as his wife or otherwise since.

It appears from the allegations of the bill that both complainant and respondent are residents of the State of Alabama. In a situation of this kind divorce proceedings should be filed either in the

county where the respondent resides or in the county where the parties resided when the separation occurred. Hooks v. Hooks, 251 Ala. 481, 38 So.2d 3; Title 34, § 28, Code of 1940. The bill was filed in the Circuit Court of Mobile County, in Equity. There was no demurrer to the bill. In the absence of demurrer requiring the complainant to plead clearly and definitely, we can consider that since the respondent voluntarily abandoned the bed and board of complainant in Mobile County, Alabama, and has never returned to him, Mobile County was where the parties resided when the separation occurred. Furthermore we can consider that any residence she may have at another place was acquired after she separated from her husband in Mobile County. Roberts v. Roberts, 247 Ala. 302, 24 So.2d 136. It is well to point out that the statute to which we have referred is a venue statute whose provisions are for the benefit of the parties and may by them be waived. In other words, the court of equity in Mobile County under the allegations of the bill has jurisdiction of the subject matter and in the absence of objection, jurisdiction as dependent on the proper venue becomes unimportant. Hooks v. Hooks, supra.

There is another reason why the contention as to venue as to the allegations of the bill, becomes unimportant. The respondent, without demurring to the bill, filed a plea in abatement and definitely raised the question of venue by the allegations of the plea. So the court could proceed to final decree according to the case made by the bill, the plea and the evidence without infringing the right of the respondent as to venue. Chapman v. Hamilton, 19 Ala. 121; 21 C.J. p. 431; 30 C.J. S., Equity, § 262.

The respondent Fannie Pearl Kemp filed a plea in abatement, alleging in substance, among other things, that the complainant is not nor has been for twelve months before the filing of the bill of complaint a bona fide resident of the State of Alabama or of Mobile County, Alabama; that the complainant is a resident of the State of Mississippi and that for more than twenty-one years he has been and still is in the armed forces and is now stationed at Keesler Field, Mississippi, that this respondent is a bona fide resident of Dale County, Alabama, and that she has never been a resident of Mobile County, Alabama, and has never lived with complainant in Mobile County, Alabama, and that no separation occurred between the parties at Mobile, Alabama, but on the contrary respondent went to Keesler Field, Mississippi, in September, 1951, and stayed with him and cohabited with him as man and wife for five days in September, 1951.

The testimony on the issues made by the plea in abatement was heard orally by the court. The court entered an order refusing to sustain the plea in abatement. There is no need to set the evidence out in detail. Caples v. Young, 206 Ala. 282, 89 So. 460. Although there are conflicts in the evidence and the evidence is not as full and complete as it might have been, it is sufficient to say that tendencies of the evidence show a bona fide intent of complainant to make Mobile his home, which existed for more than one year prior to the filing of this suit. Caheen v. Caheen, 233 Ala. 494, 172 So. 618. Tendencies of the evidence further show that the respondent abandoned the complainant in Mobile in 1950, where they were residing at the time, she having come to Mobile and lived with him there and then refused to return. Puckett v. Puckett, 174 Ala. 315, 56 So. 585.

Since we cannot say that the ruling of the court on the plea in abatement is palpably wrong, it will not be disturbed. Crittenden v. Crittenden, 256 Ala. 219, 54 So.2d 489; Sills v. Sills, 246 Ala. 165, 19 So.2d 521.

When the court refused to sustain the plea in abatement, a decree pro confesso was subsequently taken against the respondent and then the case proceeded in the usual manner to the final decree of divorce, from which this appeal has been taken.

We find no error in the record and the decree of the court is due to be affirmed.

Affirmed.

LAWSON, SIMPSON, and MERRILL, JJ., concur.