79 So.2d 792

**Ex parte Giles Homer LEWIS.**

**8 Div. 799.**

Supreme Court of Alabama.

April 28, 1955.

Howell Thomas Heflin, Tuscumbia, for
petitioner.

H. Neil Taylor, Russellville, for respond-
ent.

GOODWYN, Justice.

This is an original petition by Giles
Homer Lewis praying that a writ of manda-
mus be issued to Hon. W. H. Quillin, as
Judge of the Law and Equity Court of
Franklin County, in Equity, directing him
to set aside a decree denying petitioner's
plea in abatement to the venue of a divorce
suit against him and to render a decree sus-
taining such plea. The circumstances lead-
ing up to the filing of the petition here, as
shown by the petition, are as follows:

On October 20, 1954, petitioner's wife
filed in the Law and Equity Court of
Franklin County, in Equity, a bill of com-
plaint against petitioner seeking a divorce
from the bonds of matrimony. The bill
alleges that petitioner (respondent to the
bill) "is a resident of Colbert County,

Alabama, his address being 102 East McIntosh Street, Sheffield, Alabama", and that the parties "separated in Franklin County, Alabama, on or about November 1, 1953", and "have not co-habited since that date". Petitioner filed a plea in abatement alleging that he "is a resident of Colbert County, Alabama, and that the separation between the complainant and respondent occurred in Colbert County, Alabama, and not in Franklin County, Alabama, as is alleged in the bill of complaint". Evidence on the merits of the plea was taken orally before the court, after which a decree was rendered denying the plea. Petitioner then filed his petition for mandamus here. The propriety of mandamus, as a method of reviewing the ruling on the plea, was first established in Ex parte Weissinger, 247 Ala. 113, 118, 119, 22 So.2d 510. And that holding has been followed in later cases. Ex parte Stroud, 248 Ala. 480, 482, 28 So.2d 316; Ex parte Davis, 249 Ala. 221, 223, 30 So.2d 648.

◾ The venue statute applicable to the situation here is Code 1940, Tit. 34, § 28, which requires the filing of a bill for divorce against a resident defendant in the county "in which the defendant resides" or in the county "in which the parties resided when the separation occurred". Thus, the determinative question for decision is whether the trial court erred in finding, in effect, that the parties resided in Franklin County when the separation occurred. That being a factual issue resolved by the trial court against petitioner, after an oral hearing of the evidence by the court, such finding has the effect of a jury's verdict, and we would not be warranted in disturbing it unless we can say that it was plainly and palpably wrong. This we are unable to do. Kemp. v. Kemp, 258 Ala. 570, 571, 63 So.2d 702; Crittenden v. Crittenden, 256 Ala. 219, 220, 54 So.2d 489; Ex parte Davis,

supra; Sills v. Sills, 246 Ala. 165, 169, 19 So.2d 521; Taylor v. Hoffman, 231 Ala. 39, 40, 163 So. 339; Caples v. Young, 206 Ala. 282, 284, 84 So. 460.

◾ We have carefully examined and considered the evidence in consultation. While there are conflicting tendencies as to petitioner's intention with respect to establishing a permanent residence in Franklin County, we think there is ample evidence to support the trial court's finding that petitioner intended a permanent change of residence to Franklin County, and that both parties resided in Franklin County when the separation occurred. We see no good purpose to be served in detailing the evidence. Suffice it to say that the evidence is without dispute that petitioner, who lived in his mother's home in the City of Sheffield, in Colbert County, quit his job there in a pool room and moved to the City of Russellville, in Franklin County, a distance of approximately 21 miles, and there took up residence with his wife's mother and father. As to whether the move was temporary for the purpose of permitting the wife to be with her parents at the birth of her child, as contended by petitioner, or was a permanent change of residence, as claimed by the wife, the evidence is in conflict. This conflict was resolved by the trial court against petitioner's contention after having the benefit of personal observation of the witnesses while testifying. The trial court thus was in better position than we to determine the conflicting tendencies of the evidence. We do not find sufficient basis for setting aside that court's finding from the evidence.

Writ denied.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.