171 So.2d 237

Ex parte Lennie Retherford HARRIS,

v.

Archie H. ELLIOTT, Judge.

3 Div. 151.

Supreme Court of Alabama.

Jan. 21, 1965.

Martin, Balch, Bingham & Hawthorne and Robt. M. Collins, Birmingham, and Brooks, Garrett & Thompson and Broox G. Garrett, Brewton, for respondent.

Rives, Peterson, Pettus & Conway, Birmingham, and W. Guy Hardwick, Dothan, for petitioner.

MERRILL, Justice.

Petitioner seeks a peremptory writ of mandamus to the Judge of the Circuit Court of Escambia County, commanding him to enter an order re-transferring the case of (petitioner) Harris v. Alabama Power Company from the Circuit Court of Escambia County to the Circuit Court of Jefferson County.

Petitioner filed suit against Alabama Power Company in Jefferson County seeking damages for the wrongful death of her husband which occurred in Atmore, Escambia County, on November 2, 1959. Defendant filed pleas in abatement alleging that defendant was and is a domestic corporation; that at the time the cause of action arose and at the time of the filing of said pleas such defendant was doing business by agent in Escambia County, Alabama; that the cause of action arose out of alleged misconduct in Escambia County, Alabama; that the plaintiff's residence is Bonifay, Florida, and that at the time of his death the decedent was a resident of Bonifay, Florida. The defendant prayed that the action be abated, alleging that venue was improperly laid in Jefferson County, Alabama, and that any suit must be instituted in Escambia County, Alabama.

The Circuit Court of Jefferson County sustained the pleas in abatement and transferred the case to the Circuit Court of Escambia County, pursuant to Act No. 76 of the Special Session of the Legislature of 1961, Acts 1961, p. 1953, (Tit. 7, § 64 (1), Recompiled Code 1958, Pocket Part) which provides:

"When a trial court sustains a plea in abatement as to venue, the court shall order a transfer of the case to some proper court in which the case might have been legally instituted and the case shall proceed in such court as though originally instituted therein. The defendant shall have the right to select the court to which such case shall be transferred in the event the case is within the jurisdiction of more that one court."

Plaintiff then filed a motion to transfer the cause back to Jefferson County and the motion was overruled. The present petition for writ of mandamus was then filed in this court to require the transfer of the cause back to Jefferson County.

Both parties agree that two questions are presented on this appeal; first, is mandamus the proper remedy; and second, if mandamus is proper, whether or not an action for wrongful death under our Homicide Act, Tit. 7, § 123, Code 1940, is an action for "personal injuries" within the purview of Tit. 7, § 60, Code 1940, which reads:

"A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; but all actions against a domestic corporation for personal injuries must be brought in the county where the injury occurred or in the county where the plaintiff resides, if such corporation does business by agent in the county of plaintiff's residence."

Petitioner concedes in brief "that normally mandamus is not regarded as an appropriate remedy to review a ruling of the trial court on a plea in abatement, appeal being regarded as being sufficient to afford relief." But petitioner urges that this case is an exception to the general rule. The exceptions are listed in Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432, where we held that a review by mandamus of the trial court's ruling on a plea in abatement was not within the exceptions

 

to the general rule. We think it better to follow the Brittain case and the authorities cited therein, rather than add another exception to meet the problem posed by the instant case.

 We, therefore, hold that mandamus is not the proper remedy because the ruling on the plea in abatement can ultimately be presented on appeal, and the petition is denied.

Having disposed of the first question in the negative, we do not reach the second question, and we are conscious that the remaining observations in this opinion are obiter dicta.

The second question takes up most of the space in the briefs of both parties and we are cited to many of our own cases and those of other jurisdictions, but they seem to agree that no Alabama case is squarely in point. We call to their attention the case of Alabama Great Southern R. Co. v. Ambrose, 163 Ala. 220, 50 So. 1030. It holds that an action for wrongful death is an action for personal injuries. It also held that the limitation in Sec. 6112, Code 1907, that "all actions for personal injuries must be brought in the county where the injury occurred, or in the county where the plaintiff resides, if such corporation does business by agent in the county of plaintiff's residence," applied to foreign as well as domestic corporations. This latter holding was overruled in Ex parte Western Union Telegraph Co., 200 Ala. 496, 76 So. 438 (1917), as being unconstitutional because it was in conflict with Sec. 232 of the Constitution of 1901, which states that a foreign corporation "may be sued in any county where it does business." However, this court also said, "The constitutional provision in question (Sec. 232) does not apply to domestic corporations; to these, of course, the statute can apply, and is not, for this reason, void." Pursuant to the opinion in the Western Union case, Sec. 6112, Code 1907, was amended in 1919 to read as it does today (Tit. 7, § 60) with the same limitation applying only to domestic corporations.

 Since the record discloses that Alabama Power Company is a domestic corporation, it follows that there is specific authority by this court that an action for wrongful death is an action for personal injuries.

Petition for writ of mandamus denied.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.