179 So.2d 753

**Ex parte Merle M. MOSS.**

**3 Div. 195.**

Supreme Court of Alabama.

Sept. 30, 1965.

Rehearing Denied Nov. 18, 1965.

Capell, Howard, Knabe & Cobbs, Montgomery, for petitioner.

Goodwyn & Smith, Montgomery, for respondent.

LAWSON, Justice.

This is an original petition by Merle M. Moss praying that a writ of mandamus issue to the Honorable William F. Thetford, as Judge of the Circuit Court of Montgomery County, in Equity, directing him to set aside a decree sustaining a plea in abatement to the venue of a divorce suit filed by the petitioner against her husband, Kenneth E. Moss, and to render a decree denying the plea in abatement filed by the said Kenneth E. Moss.

It is insisted that the present matter should not be reviewed by mandamus because the questions here involved can be ultimately reviewed on appeal.

This court has held that mandamus will not ordinarily be granted if the matter complained of, including a ruling on a plea in abatement, can be ultimately pre-

sented to this court through the medium of an appeal from a final decree. Ex parte Brooks, 264 Ala. 674, 89 So.2d 100; Ex parte Little, 266 Ala. 161, 95 So.2d 269; Harris v. Elliott, 277 Ala. 421, 171 So.2d 237. And it has been held that expense and inconvenience are not sufficient to make an expection to the aforesaid general rule. Ex parte Brooks, supra.

However, exceptions to the general rule are mentioned in Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432. One of the exceptions is that in the sound discretion of this court the writ of mandamus may be employed to review the ruling in divorce cases on a plea in abatement raising the question of venue, the theory being that there is a public interest involved in such cases. Ex parte Aufill, 268 Ala. 43, 104 So.2d 897.

We have reviewed by mandamus proceedings decrees denying pleas in abatement in divorce cases in several instances. Ex parte Weissinger, 247 Ala. 113, 22 So. 2d 510; Ex parte Davis, 249 Ala. 221, 30 So.2d 648; Ex parte Lewis, 262 Ala. 463, 79 So.2d 792; Ex parte Aufill, supra. We can see no valid reason why the same method of review should not be employed to review a decree sustaining a plea in abatement filed in a divorce case. Accordingly, we shall proceed to review the decree sustaining the plea in abatement by way of mandamus.

The circumstances leading up to the filing of the petition for mandamus, as shown by the petition, are as hereafter set out.

On March 5, 1965, the petitioner, Merle M. Moss, filed in the Circuit Court of Montgomery County, in Equity, a sworn bill of complaint against her husband, Kenneth E. Moss, praying "for alimony and support pendente lite, for the production of certain papers on the part of Kenneth E. Moss and for a divorce, custody of the child, settlement of property rights, and for permanent alimony and support for Complainant and the minor child of the marriage." As grounds for the divorce the bill charged cruelty and abandonment. The bill, as amended, according to the averments of the petition for mandamus, alleged that the complainant therein, Merle M. Moss, lived in Huntsville, Alabama, and that the respondent therein, Kenneth E. Moss, lived in Montgomery, Alabama.

Kenneth E. Moss was served with a copy of the complaint on March 5, 1965, by the Sheriff of Montgomery County.

Judge Thetford on March 9, 1965, set a hearing on complainant's prayer for support and alimony pendente lite for March 22, 1965, and ordered Kenneth E. Moss to deliver to the deputy register of the circuit court before March 22, 1965, papers and documents in accordance with the request of complainant. The hearing so set was continued at the request of the attorney for Kenneth E. Moss.

On March 24, 1965, Kenneth E. Moss filed his sworn plea in abatement, alleging that he was a nonresident of Alabama and was such at the time Merle M. Moss filed her complaint in the Circuit Court of Montgomery County, in Equity, and therefore the Circuit Court of Montgomery County was without jurisdiction to try and determine the cause and that it should be abated.

Evidence on the merits of the plea in abatement was taken orally before Judge Thetford on April 28, 1965. In her petition for mandamus, as amended, Merle M. Moss summarizes the testimony taken on the hearing as follows:

"The testimony showed that Kenneth E. Moss was domiciled in Montgomery County; that he still owned his home here; that he still operated the Diplomat Inn here, but that he was now building a motel in Georgia and had moved his furniture to Georgia on February 6 or 7, 1965 * * *; that a prior divorce proceeding had been filed in Huntsville; that at that time he was residenced in Montgomery and had filed a plea in abatement to that effect in said proceeding. * * *"

On May 18, 1965, Judge Thetford issued an order sustaining the plea in abatement and ordering the cause to be transferred to the Circuit Court of Madison County, in Equity, in accordance with the provisions of Act 76, approved September 15, 1961, Acts of Alabama 1961, Vol. II, p. 1953.

The petition for mandamus further avers that the said order of Judge Thetford is erroneous for the following reasons:

"The plea was defective in that it related only to part of the bill of complaint; the plea is to the venue and venue is not for the benefit of a nonresident. Kenneth E. Moss waived his right to file a plea in abatement in that he failed to file it before the date set for hearing and also in that he requested a continuance before the filing of the plea. The matrimonial domicile of the parties at the time of the separation was Montgomery County, Alabama, and Kenneth E. Moss could not deprive the Circuit Court of Montgomery County of venue by moving from the State."

The foregoing completes our summary of the averments of the petition for mandamus.

As shown above, petitioner first asserts that the plea in abatement was defective "in that it related only to part of the bill of complaint." In brief filed here on behalf of the petitioner, her contention as to this point is explained in the following language:

"The subject matter of the complaint includes divorce, temporary support, and child custody. Petitions involving temporary support, and child custody, may be heard in any place where the defendant or respondent is found and properly served. The plea in abatement in this case therefore is not good as to these two phases of the petition. The plea relates only to divorce and is not a plea to the whole complaint."

The plea in abatement, as we view it, was directed to the bill as a whole and not to its several aspects. It sought the abatement and transfer of the entire suit. Since the plea averred that complainant was not a resident of Montgomery County where the suit was filed, but of Madison County, and that respondent was a nonresident of this state, the relief sought by the plea was obviously grounded on that part of § 28, Title 34, Code 1940, which is italicized below:

"Bills for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred; *if the defendant is a nonresident, then in the circuit court of the county in which the other party to the marriage resides.*" (Emphasis supplied)

It seems to be petitioner's contention in regard to the point now under consideration that even though it be conceded (which petitioner does not concede, as will be hereinafter shown), a suit for divorce against a nonresident must be brought in the circuit court of the county where the complainant resides, if the question of venue is properly raised by one who can raise it, nevertheless Judge Thetford erred in sustaining the plea in abatement addressed to the bill as a whole and in transferring the entire cause to the Circuit Court of Madison County because in her bill, in addition to praying for an absolute divorce, petitioner prayed for "temporary support and child custody," which petitioner says is a transitory action which could be maintained in Montgomery County because jurisdiction of the person of the respondent, Kenneth E. Moss, was obtained in Montgomery County by personal service made by the sheriff of that county.

In support of her contention that an action for "temporary support and child custody is transitory and may be brought in any county where jurisdiction of the person of respondent is obtained," petitioner relies upon Ex parte Hale, 246 Ala. 40, 18 So.2d 713. The complainant in that case did not seek an absolute divorce. She

prayed that the court grant her a legal separation from respondent and award her custody of their minor child and also award to her an allowance for the support of herself and child. The respondent filed a plea in abatement averring, among other things, that neither he nor the complainant was a resident of Alabama at the time the bill was filed. The plea in abatement was struck on motion. We review that action in a mandamus proceeding but denied the peremptory writ, although we observed that the motion to strike the plea was an inappropriate method of testing its sufficiency. We said the ruling on the motion to strike the plea was without injury because "[i]t is therefore clear enough the plea was wholly insufficient to so much of the bill which seeks separate maintenance and support, as well as control of the child."

In the opinion in the Hale case it was said, in effect, that the prayer for "a legal separation" was tantamount to a prayer for a divorce from bed and board. The opinion in that case contains the following language:

> "[5] A bill in chancery seeking in one aspect maintenance and support for a wife, and in one aspect the custody of, and in another aspect maintenance and support for, a minor child should be brought where the husband actually resides or where he is subject to personal service of process. * * *
>
> * * * * * *
>
> "[6] The courts generally agree that an action for maintenance and support growing out of a contract of marriage is transitory, and may be brought wherever jurisdiction of the person may be obtained. * * *"
> (246 Ala. 46, 18 So.2d 718, 719.)

If the Hale case, supra, can be said to be authority for the proposition that an action for "temporary support and child custody" can be maintained in any county where jurisdiction of the person of the respondent is obtained, although the bill also prays for an absolute divorce, that holding has not

been applied by this court in so far as we are advised. See Ex parte Stroud, 248 Ala. 480, 28 So.2d 316; Faulk v. Faulk, 255 Ala. 237, 51 So.2d 255. We do not mean to indicate that we construe either of the two cases just cited as dealing with bills wherein there was a specific prayer for an absolute divorce. However, we think those cases shed some light on the construction which this court has placed on our opinion in Ex parte Hale, supra.

■ We hold that a bill which seeks an absolute divorce is, in its entirety, subject to a plea in abatement as to venue if the bill is not filed in accordance with the provisions of § 28, Title 34, Code 1940, irrespective of the fact that the bill also prays for "temporary support and child custody." It would be an anomaly to permit a court wherein such a bill was filed to retain jurisdiction to determine "temporary support and child custody," and yet be compelled to transfer to another county, under the provisions of Act 76, supra, the cause in so far as it prayed for an absolute divorce, and such could be the result if we followed the argument of petitioner, in a case where the plea in abatement was properly addressed to such a bill.

The petitioner next contends that the plea in abatement should have been overruled and denied because "venue is not for the benefit of a nonresident," but for the benefit of the complainant, a resident of this state, and the petitioner alone "was entitled to insist on a hearing in the county of her residence," since the "right to question jurisdiction [venue] is a personal privilege and can be claimed only by one for whose benefit it exists."

■ We have said that § 28, Title 34, Code 1940, is for the benefit of "the parties" and may be waived since it relates to venue as distinguished from jurisdiction of the subject matter. White v. White, 206 Ala. 231, 89 So. 579; Hooks v. Hooks, 251 Ala. 481, 38 So.2d 3. See Kemp v. Kemp, 258 Ala. 570, 63 So.2d 702. But as shown above, petitioner insists that where the respondent

is a nonresident that section is for the benefit of the complainant alone and the nonresident respondent cannot be heard to complain that the suit was not filed in accordance with the provisions of said section. In support of that insistence petitioner relies upon Steen v. Swadley, 126 Ala. 616, 28 So. 620; Jefferson County Savings Bank v. Carland, 195 Ala. 279, 71 So. 126; Conner v. Willet, 265 Ala. 319, 91 So.2d 225. None of those cases involved § 28, Title 34, Code 1940, or a statute which purports to say where a suit against a nonresident is to be brought.

In Jefferson County Savings Bank v. Carland, supra, that point is emphasized. We quote:

"The privilege, which a resident of this state has, of being sued in the county of his permanent residence, is personal to him. * * * It is conferred by our statute of venue [§ 6110, Code 1907] without which the place of trial would be optional with the plaintiff. *But the statute makes no provision as to venue in transitory actions against nonresidents.* By coming here, however transiently, defendants have submitted themselves to the jurisdiction which every state exercises over all persons within its limits in respect to matters purely personal, which, in contemplation of law, have no locality; and we apprehend there is no good reason why they should have the benefit of a personal privilege of mere convenience *which the statute has conferred only upon persons having a permanent residence in this state. * * *"* (Emphasis supplied) 195 Ala. 282, 71 So. 127.

In regard to divorce actions, the Legislature has seen fit to make specific provision as to where nonresidents are to be sued. And in Caheen v. Caheen, 233 Ala. 494, 496, 172 So. 618, 619, we observed: " * * * If the defendant is a nonresident the bill for divorce *must* be filed in the circuit court of the county in which the other party to the marriage resides. * * *" (Emphasis supplied).

In view of the language of § 28, Title 34, Code, as construed in the Caheen case, supra, we cannot agree with petitioner that a nonresident respondent in a divorce action cannot be heard to complain that the suit against him was not filed in accordance with the provisions of § 28, Title 34, Code 1940.

Petitioner next insists that the trial court was in error in sustaining the plea in abatement because the respondent in the divorce action, Kenneth E. Moss, had waived his right to file a plea in abatement.

There is no merit in this insistence. Even if it be conceded that the trial court could have correctly refused to entertain the plea in abatement because it had not been timely filed, it does not follow that the trial court erred in considering the plea. The import of our decisions is that the trial court has a discretion to permit a later filing of a plea in abatement and the appellate courts generally will not revise such a ruling. Webster v. Talley, 251 Ala. 336, 37 So.2d 190, and cases cited. We cannot say that the trial court improperly exercised its discretion in considering the plea in abatement.

The petitioner in brief, in effect, concedes that under the evidence the trial court could have found that at the time the divorce suit was filed the respondent thereto was a nonresident of this state, but in spite of that assertion, and with all other questions aside, the petitioner argues that the trial court erred in sustaining the plea in abatement in that the evidence shows that Mr. and Mrs. Moss were both domiciled in Montgomery County at the time the separation occurred and that, therefore, under the provisions of § 28, Title 34, Code 1940, petitioner's divorce suit was properly filed in Montgomery County.

We do not agree. The last clause of the section stands alone and spells out

where divorce suits against nonresidents are to be filed. We do not believe that we would be justified in rewriting the statute so as to read into the last clause of the section all or any of the provisions of the first clause. See Caheen v. Caheen, supra.

We have treated all of the grounds relied upon by petitioner in her petition for mandamus and, finding no merit in any of them, we hold that the peremptory writ of mandamus is due to be denied. It is so ordered.

Mandamus denied.

LIVINGSTON, C. J., and GOODWYN, MERRILL, COLEMAN and HARWOOD, JJ., concur.