INGRAM, Judge.
This is a petition for a writ of mandamus for an order directing the trial court to grant a motion for change of venue.
The husband filed a complaint for divorce in the Circuit Court of Lee County in July 1987. The complaint alleged that both parties were residents of Lee County at the time of their separation. The wife responded by filing a motion for change of venue, alleging that the proper venue is in Colbert County, where her parents reside. The wife argues that Colbert County is her domicile and that she has never intended to make her permanent home anywhere else. After a hearing, the trial court denied the wife’s motion on November 16, 1987. On February 2, 1988, the wife filed this present petition before this court.
Section 30-2-4, Ala.Code 1975, is as follows: “Complaints for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred....”
Thus, the dispositive issue here is whether the trial court erred in finding, in effect, that the parties resided in Lee County when the separation occurred.
The determination of whether the parties resided in Lee County is a factual question resolved by the trial court after a hearing of the evidence by the court. Such a finding is given a presumption of correctness and will not be disturbed by this court unless we can say it was plainly and palpably wrong. Ex parte Lewis, 262 Ala. 463, 79 So.2d 792 (1955).
The facts in pertinent part reveal the following: After the parties were married, they lived in Lee County and attended Auburn University. In June 1985, the husband graduated from Auburn and became employed as a professional football player in California. The wife stayed at her parents’ home in Colbert County from June 1985 until September 1985, at which time she joined her husband in California. The couple lived in California during the professional football season from September to December in 1985. The parties had California driver’s licenses, and all three of their motor vehicles were registered in California. The parties’ 1986 income tax forms indicated that the parties were residents of California.
The wife again returned to her parents’ home from January to August 1986, while her husband was on active duty with the U.S. Army Reserve. Upon completion of his active duty, he joined his wife at her parents’ home, pending their return to California in September 1986. The couple remained in California until January 1987, when they moved to Lee County. At that time, the wife rented a condominium unit for the couple, and they continued to live there until they separated in late June 1987. The wife remained at the condominium until July 27, 1987, at which time she *1322 moved to an apartment also located in Lee County. At the time of the hearing, the wife was still living in this same apartment.
We have carefully examined the record and find that there is ample evidence to support the trial court’s conclusion that the parties were residents of Lee County at the time of their separation. Further, the record reveals that the wife is currently living in Lee County. Therefore, the trial court properly denied the wife’s motion for change of venue.
The wife requests this court to issue a writ of mandamus ordering the court to grant the wife’s motion for change of venue from Lee County to Colbert County. In order for this court to issue such a writ, there must be credible allegations, ironclad in nature, showing that the trial court is bound by law to do what the wife has requested. Segars v. Segars, 333 So.2d 155 (Ala.Civ.App.1976). In view of the above, the wife has failed to do this; therefore, the petition for writ of mandamus is hereby denied.
PETITION FOR WRIT DENIED.
BRADLEY, P.J., and HOLMES, J., concur.