L. CHARLES WRIGHT, Retired Appellate Judge.
This is an original petition, filed in this court by Leslie D. Strickland (wife), for a writ of mandamus- directed to the Circuit Court of Coffee County to vacate its denial of petitioner’s motion to dismiss for lack of personal jurisdiction, claiming she was not a resident of Alabama. The wife does not contend that the trial court had no jurisdiction over the marital res.
The parties were married in Florida and resided there until 1986.
The husband then purchased an interest in a business located in Enterprise, Alabama, and the parties made preparations to move to Alabama.
The husband filed a complaint for divorce in the Coffee County Circuit Court, Enterprise Division. The wife filed a motion to *1101 dismiss, asserting that the trial court lacked personal jurisdiction over her because she was not a resident of the state of Alabama.
After ore tenus proceedings, with both parties and counsel present, the trial court found that the husband “has lived in Alabama for the statutory period, immediately preceding the filing of [the] complaint” and held that there was jurisdiction of the marital res. However, the trial court specifically withheld decision on the issue of whether it had in personam jurisdiction over the wife and asked the parties to submit briefs to support their respective positions. Subsequently, the trial court denied the wife’s motion and held that there was personal jurisdiction of the wife.
Generally, mandamus is a drastic and extraordinary writ to be issued only where there exists a clear legal right in the petitioner to the relief sought, an unequivocal duty upon the respondent to perform, a refusal by the respondent to perform, the lack of any other adequate remedy, and proper invocation of the court’s jurisdiction. Ex parte Adams, 514 So.2d 845 (Ala.1987). “Mandamus may issue to compel the exercise of judicial discretion, but not to compel its exercise in a particular manner, or to control or review its exercise,” when no discretion is permitted under the law. East v. Todd, 284 Ala. 495, 499, 226 So.2d 153, 156 (1969) (emphasis added).
Our supreme court has recognized limited exceptions to this rule and allowed the review of certain non-final or interlocutory orders, by way of a petition for writ of mandamus, that otherwise are properly reviewable by an appeal. See, e.g., Ex parte Volkswagenwerk Aktiengesellscaft, 443 So.2d 880 (Ala.1983); Ex parte Taylor Coal Co., 401 So.2d 1 (Ala.1981).
One of these limited exceptions allows review by mandamus “where, because of the particular circumstances involved, appeal from a final judgment would not afford adequate relief ... [and mandamus is] employed to vacate certain interlocutory rulings in divorce cases on the additional theory that a vital public interest is involved in such cases.” Brittain v. Jenkins, 263 Ala. 683, 684, 83 So.2d 432, 433 (1955) (citations omitted).
“It was held in Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510, that mandamus may be employed to vacate a decree denying a plea in abatement in a divorce case because of the public interest in such cases.”
Ex parte Davis, 249 Ala. 221, 223, 30 So.2d 648, 649 (1947). The judicial process is expedited if the issue of jurisdiction is settled prior to trial on the merits. We hold that mandamus is proper to review the ruling on the threshold issue of jurisdiction in this case. Ex parte Lord & Son Constr., Inc., 548 So.2d 456 (Ala.1989). The motion to quash the petition is denied.
The wife’s motion to dismiss for lack of in personam jurisdiction was denied by the trial court and the merits of the divorce suit were set for adjudication. The wife’s petition for writ of mandamus seeks a review of this denial. We proceed to review the ruling of the trial court on the motion to dismiss.
The wife asserts that the decision of the trial court, respecting in personam jurisdiction, is in contradiction to the evidence presented.-
The dispositive issue is whether it was error for the trial court to find that the residence of the wife was in the state of Alabama, Coffee County.
The words “residence” and “domicile” are synonymous in our divorce statutes. Webster v. Webster, 517 So.2d 5 (Ala.Civ.App.1987). The determination of the “legal residence” or “domicile” of a person is a mixed question of law and fact, involving analysis of the actual residence coupled with an intention to remain there. See, Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510 (1945). A trial court's decision after an ore tenus proceeding is presumed correct and will not be disturbed absent a plain and palpable abuse of discretion. Ex parte Lewis, 262 Ala. 463, 79 So.2d 792 (1955).
The evidence establishes that, subsequent to the purchase of the interest in *1102 the business in Alabama, both the husband and wife intended to move together to Alabama. The wife came to Alabama, located a home to rent, and signed a “tenant’s agreement” and a statement of the “condition of home.” The telephone was ordered and installed in both husband’s and wife’s names at the rented home. The wife testified that she moved about half of the parties’ furniture from Florida to Alabama.
On cross-examination the wife testified as follows:
“Q. And, there is no doubt that at the time that you were signing these documents and everything that you and Tom intended to live here in Alabama because he had purchased a business, is there?
“A. We had intended to, yes.
“Q. You did have that intent?
“A. Right.
“Q. As a matter of fact, isn’t it also true that at the time that you and Tom came here to Enterprise, Alabama, you had placed your Florida property up for sale?
“A. The Florida property had been for sale.”
There was testimony that the wife spent some nights with her husband in the rented house in Alabama before she separated from him and returned to Florida.
We find that the decision of the trial court is supported by the evidence. The writ is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT DENIED.
All the Judges concur.