PITTMAN, Judge.
Robert 0. Livingston (“the husband”) appeals the trial court’s denial of his Rule 60(b), Ala. R. Civ. P., motion. Cheryl D. Livingston (“the wife”) sued for a divorce on October 18, 2000. At the same time, the wife filed a motion for a restraining order and for temporary custody of the couple’s minor son. In that motion the wife alleged that she had resided in Texas ■with the husband until January 2000, when she and the minor son moved to Mobile. She alleged that she was held “involuntarily” in Texas for a period when she returned there in June 2000. While in Texas to pick up the minor son after summer visitation, she learned that the husband was moving to California to accept a job. She stayed with him in California, again “involuntarily,” for another period until she could bring herself and her son back to Alabama. She requested a temporary restraining order to prevent the husband from removing the son from Alabama, and she requested temporary custody of both minor children. The trial court ordered that a hearing on the motion be held on December 21, 2000.
On December 1, 2000, the husband filed a letter with the trial court asserting that the wife had not lived in Alabama for the statutory six months required to vest the trial court with jurisdiction. He further alleged that a Texas court currently had jurisdiction over the children of the marriage. The father also denied incarcerating the wife involuntarily in the family home and requested that the trial court grant him child custody and not order him to pay alimony or child support.
The trial court held a hearing on December 21, 2000; it granted the wife’s request for temporary custody of the two children and imposed a restraining order on the husband, prohibiting him from removing the son from the jurisdiction of the Mobile Circuit Court. The trial court set the trial date for February 22, 2001. We cannot determine from the record on appeal whether the husband ever received notice of either the December 21, 2000, hearing or the February 22, 2001, trial date.
On February 7, 2001, the Harris County, Texas, District Court abated the Living-stons’ divorce action pending the Mobile Circuit Court’s resolution of the jurisdictional issue.
On February 28, 2001, the trial court entered a final judgment of divorce by default. In the divorce judgment the trial court awarded custody of the minor son to the wife and custody of the minor daughter to the husband. The trial court ordered the husband to pay $896 in monthly child support, beginning February 1, 2001; to pay for all medical and dental bills incurred on behalf of the minor son; and to pay $50,000 alimony in gross, to be payable for 50 months at the rate of $1,000 per month, beginning February 1, 2001. The trial court divided the marital property and retained jurisdiction over visitation, wage withholding, and support of the minor children.
On March 30, 2001, the husband filed a Rule 60(b), Ala. R. Civ. P., motion requesting relief from the judgment entered on February 28, 2001. In the motion, the husband again stated that the wife had not been a resident of Alabama for six months preceding the filing of her complaint. He outlined the facts that support this conten *1023 tion as well as stating that the divorce judgment was defective in two specific areas: (1) that the judgment mentions support for only the minor son and omits the couple’s minor daughter, and (2) that neither alimony nor attorney’s fee awards may be made when the trial court has no in personam jurisdiction over the husband.
On May 1, 2001, the wife answered the husband’s Rule 60(b) motion and filed a cross-motion for rule nisi, alleging that the husband was in arrears in the child-support payments and alimony payments due under the February 28, 2001, judgment. The trial court treated the husband’s motion and the wife’s “cross-motion” as two separate causes of action and set the hearing on the husband’s Rule 60(b) motion for May 10, 2001. The husband filed a motion to continue the hearing for 90 days, asserting that his job required him to be in California until September 30, 2001. He stated that, in order to produce the requested documents stored in Texas, the husband needed time to return to Texas to gather the documents and to procure deposition testimony from Texas witnesses, who would be unable to come to Mobile.
The trial court granted a continuance until June 21, 2001, and denied the husband’s motion for a continuance and protective order filed on June 14, 2001. At the June 21, 2001, hearing the trial court allowed counsel for both parties to argue their pending motions. On June 29, 2001, the trial court entered an order denying all of the husband’s motions and setting the wife’s motion for rule nisi for a hearing on October 22, 2001. The husband filed this timely appeal of the denial of his Rule 60(b) motion on August 7, 2001.
The husband argues two points of error on appeal. First, the husband questions the trial court’s jurisdiction to enter a judgment against him. Second, the husband alleges the trial court abused its discretion when it denied his motion for a continuance and his Rule 60(b) motion. The wife did not file a brief on appeal.
A thorough review of the sparse record leaves this court with little more to review than the pleadings and the judgment. The only transcript included in the record is of the June 21, 2001, hearing on the husband’s Rule 60(b) motion. For a trial court to gain ■ jurisdiction over the marital res, the complaining party must have been a resident of Alabama for six months before filing a complaint of divorce. See § 30-2-5, Ala.Code 1975; Sena v. Sena, 709 So.2d 48, 50 (Ala.Civ.App.1998). Without proof of residency, the trial court does not acquire jurisdiction over the complaining party and the marital res. See Seymour v. Seymour, 597 So.2d 1368 (Ala.Civ.App.1992). The only evidence to support the wife’s assertion of residency is found in her motion for a restraining order and for temporary custody. There she alleges that she moved to Alabama in January 2000. She then relates a vague account of traveling to Texas in June 2000 “for the purpose of summer visitation.” She alleges that she subsequently “escaped” from the husband and returned to Alabama, but returned for the son in August, whereupon the husband forced her to move to California with him. She alleges that after a period, she was able to bring her son back to Alabama before she filed her complaint on October 18, 2000. While the wife may have established residency in Alabama between January and June 2000, the record does not indicate that she was “a bona fide resident of this state for six months next before the filing of the complaint” on October 18, 2000. § 30-2-5, Ala.Code 1975.
The only mention in the record on appeal of possible jurisdiction is the first statement in the divorce judgment that the cause was submitted “on the pleadings and the testimony as heard in open court.” *1024 There is no other indication that the trial court conducted a hearing or that it entertained any documentation of proof of the ■wife’s residency. Because the husband initially asserted to the trial court the alleged lack of jurisdiction in his December 1, 2000, letter, and because an appellate court must review jurisdictional matters ex mero motu, we must reverse the judgment entered by the trial court on February 28, 2001, and remand the case for the trial court to dismiss the wife’s divorce complaint.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.