MURDOCK, Judge.
David Paul Skieff (“the husband”) appeals from an order of the Lee Circuit Court granting a Rule 60(b), Ala. R. Civ. P., motion for relief from a final judgment filed by Joan Cole-Skieff (“the wife”); the order set aside a default judgment that had been entered in favor of the husband on the divorce complaint he filed against the wife in Lee County.
The parties were married in 1995 in Florida, and they lived there until late 2001. In 1999, the parties began making payments on a parcel of land in Lee County that was adjacent to the residence of the husband’s family; the parties made their final payment on the land on May 25, 2001, at which time they owned the land outright. In June 2001, the couple purchased a mobile home and had it placed on the parcel of land. In August 2001, the husband moved into the mobile home in Alabama, taking most of the couple’s belongings with him in the move. The wife followed the husband to Alabama and moved into the mobile home in September 2001. She testified at the hearing on the Rule 60(b) motion that at that time she had intended to make the mobile home their permanent residence.
In November 2001, the parties separated after a domestic dispute occurred; the husband lived with his parents, while the wife continued to live in the mobile home. On December 1, 2001, the wife moved back to Florida to live with her parents; she testified that she had no intention at that point of returning to Alabama to live with her husband. On December 19, 2001, the husband filed a complaint for divorce in the Lee Circuit Court; the wife filed a complaint for divorce in Florida on the same date. On December 22, 2001, the wife was served with the complaint in the action filed by her husband; the husband testified that he was never served with the wife’s complaint in the divorce action she filed in Florida. On January 30, 2002, the husband filed a motion for a default judgment in the Lee County divorce action. The trial court entered a default judgment granting a final judgment of divorce on February 1, 2002.
On March 14, 2002, the wife filed a motion, pursuant to Rule 60(b), for relief from the final judgment of divorce. On April 26, 2002, a hearing was held on the motion in which the trial court considered both written and oral evidence; that hearing was continued, and it was concluded on May 13, 2002. On May 22, 2002, the trial court granted the wife’s motion for relief from the final judgment, finding that the husband had not been a resident of Alabama for six months prior to filing his complaint and that the wife was not a resident of Alabama at the time the husband filed his complaint; therefore, the trial court concluded that, pursuant to § 30-2-5, Ala.Code 1975, it did not have subject-matter jurisdiction to consider the husband’s complaint.
The husband appeals, contending that a portion of § 30-2-4, Ala.Code 1975, actually controls in this case and that therefore the complaint was properly filed in Lee County; he further contends that he satisfied the requirements of § 30-2-5 because *883 he was a resident of Alabama for six months prior to filing the complaint.
“Where evidence is presented ore tenus, this court will not disturb a lower court’s judgment unless that judgment is palpably wrong, without supporting evidence, or manifestly unjust.” Seymour v. Seymour, 597 So.2d 1368, 1369 (Ala.Civ.App.1992). The major factual issue in this case involves the residency of the parties.
“The determination of whether the parties resided in [a certain county] is a factual question resolved by the trial court after a hearing of the evidence by the court. Such a finding is given a presumption of correctness and will not be disturbed by this court unless we can say it was plainly and palpably wrong.”
Ex parte Greene, 527 So.2d 1320, 1321 (Ala.Civ.App.1988).
Section 30-2-4 provides:
“Complaints for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred, or if the defendant is a nonresident, then in the circuit court of the county in which the other party to the marriage resides.”
Section 30-2-5 provides: “When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved.” This court has held that “[ujnder Alabama law, the require-inent of ‘residency’ with respect to [§ 30-2-5] has been construed to mean that one’s ‘domicile’ must have been in Alabama for the preceding six months.” Andrews v. Andrews, 697 So.2d 54, 56 (Ala.Civ.App.1997).[1]
“A person’s domicile is that place in which his habitation is fixed, without any present intention of removing, and it embraces (1) the fact of residence and (2) the intention to remain. As a general proposition a person can have but one domicile, and when once acquired is presumed to continue until a new one is gained facto et animo, and what state of facts constitutes a change of domicile is a mixed question of law and fact.”
Ex parte Weissinger, 247 Ala. 113, 117, 22 So.2d 510, 514 (1945).
In analyzing the husband’s claims, we first review the trial court’s finding that the wife was a nonresident at the time the husband filed his complaint in Lee County. It is undisputed that the wife had moved back to Florida at the time the husband filed the complaint for divorce, and she testified that she intended to make Florida her residence from that point forward. That testimony is bolstered by the fact that the wife filed for divorce in Florida after she moved back there. Thus, at the time the husband filed the complaint, the wife was both physically residing in and had the intent to continue to reside in Florida, thereby meeting both requirements for establishing a domicile. There is nothing in the record contradicting this conclusion by the trial court.
*884 Because the wife was a nonresident when the husband filed his complaint, § 30-2-5 is applicable to this case. That section mandates that when the defendant to the suit is a nonresident, in order to be permitted to file a divorce complaint in Alabama, the party filing the complaint must have been a resident of Alabama, i.e., domiciled in Alabama, for six months before filing his or her complaint. Consequently, the next step in analyzing the husband’s arguments is to evaluate the trial court’s finding that the husband was not domiciled in Alabama for six months prior to his filing the complaint. The husband filed his complaint on December 19, 2001, which means that, in order meet the requirement of § 30-2-5, he must have established a domicile in Alabama before June 19, 2001.
While the husband’s brief to this court notes that his complaint stated that he had been a resident of Lee County for six months, the record indicates otherwise. The husband testified that he and his wife had “every intention of moving up [to Alabama] as soon as [they] purchased the land [for the mobile home] in May [2001].... ” However, he also testified that he and his wife did not actually move to Alabama until September 2001, with the husband bringing their belongings in August and the wife following the husband to the residence in September. In other words, while the husband may have had the intent to make Alabama his domicile at least six months before filing his complaint, he did not actually reside in Alabama for that period of time before filing his complaint. Domicile, as previously stated, requires both intent to reside and actual residence. Thus, the trial court correctly concluded that the husband “was in fact domiciled in Alabama for approximately four (4) months at the time of the filing of his complaint for divorce on December 19, 2001.” Because the husband was not a resident of Alabama for six months before filing his complaint for divorce, and because the wife was a nonresident at the time the husband filed his complaint, § 30-2-5 dictates that the trial court did not have jurisdiction to entertain the husband’s divorce complaint.
The husband counters this conclusion by arguing that the portion of § 30-2-4 stating that “[c]omplaints for divorce may be filed ... in the circuit court of the county in which the parties resided when the separation occurred” permits him to file the divorce complaint in Lee County. It is undisputed that the parties separated while living in Lee County. The wife contends, however, that she was not a “resident” of Alabama at the time the couple separated, and in fact was never a resident of Alabama, but a resident of Florida. However, this claim is directly contradicted by the wife’s own testimony, in which she stated that she intended to make the mobile home in Lee County her residence when she moved there to live with her husband. The facts that the couple had been paying for the parcel of land in Lee County for a year and a half prior to moving there, that they had purchased a $28,000 mobile home, and that the husband and wife had moved all of their belongings from their residence in Florida to the mobile home support the wife’s testimony that she intended to make Lee County her place of permanent residence. Thus, the wife’s claim that she was not “residing” in Lee County when the couple separated is not supported by the record.
Because both parties were residing in Lee County when the separation occurred, the husband maintains that § 30-2-4 permitted him to file his divorce complaint in *885 Lee County.[2]
However, interpreting any clause of § 30-2-4 to permit the husband to file his divorce complaint in Alabama places it in conflict with § 30-2-5 on the facts of this case. “Statutes should be construed together so as to harmonize the provisions as far as practical.” Ex parte Jones Mfg, Co., 589 So.2d 208, 211 (Ala.1991). As noted above, § 30-2-5 does not permit the husband to file his divorce complaint in Alabama because he did not reside in Alabama for six months before filing the complaint. Yet, under the husband’s argument — that the second clause of § 30-2-4 is controlling — the husband would be permitted to file his divorce complaint in Lee County, the county where the parties resided when their separation occurred.
Such a reading misconstrues the nature of the two statutes. Section 30-2-5 relates to subject-matter jurisdiction of divorce complaints. See, e.g., Livingston v. Livingston, 835 So.2d 1021, 1023 (Ala.Civ.App.2002) (“For a trial court to gain jurisdiction over the marital res, the complaining party must have been a resident of Alabama for six months before filing a complaint of divorce. See § 30-2-5, Ala.Code 1975.” (Emphasis added.)). Section 30-2-4 describes where venue should lie in divorce actions. See, e.g., Ex parte Moss, 278 Ala. 628, 632, 179 So.2d 753, 757 (1965) (“[Section] 28, Title 34, Code 1940 [the predecessor to § 30-2-4], is for the benefit of ‘the parties’ and may be waived since it relates to venue as distinguished from jurisdiction of the subject matter.” (Emphasis added.)).
“Statutes as to jurisdiction of necessity pertain and relate to the tribunal, court, or officer who is to exercise the jurisdiction conferred. These statutes, of course, as the one in question, may relate to territorial jurisdiction, as well as to that of the person or of the subject-matter. Venue statutes, however, do not relate to jurisdiction, territorial, personal, or of the subject-matter; they are intended to apply, and do merely apply, to direct in which one of the several tribunals, each and all of which have jurisdiction, the trial shall be had, or at which one of several places the trial shall be had, when one tribunal, court, or officer exercises the same jurisdiction at several places. If a tribunal, court, or officer has no jurisdiction or power to try a case at a given place, or at any place, then there can be no room or reason for a statute as to venue. The act or judgment in such a case is absolutely void, even on collateral attack, if the want of jurisdiction appears on the face of the proceeding. It is only when the tribunal, court, or officer has the jurisdiction or power to proceed or to act at several different places that a statute as to venue can have any excuse for existence. The venue statute, of course, presupposes that the tribunal, court, or officer has jurisdiction or power to proceed or act at different places, and then the sole purpose and effect of the statute as to venue is to direct at which of these several places the jurisdiction in the particular case may be exercised.”
Southern Ry. Co. v. Fitzpatrick, 195 Ala. 328, 330-31, 70 So. 164, 165 (1915) (Mayfield and Thomas, JJ., dissenting) (emphasis added). In short, a venue statute *886 cannot confer jurisdiction where a jurisdictional statute provides that no jurisdiction exists. Thus, because § 30-2-5 deprives the trial court of jurisdiction to entertain the husband’s divorce complaint, § 30-2^4 cannot be interpreted to permit the husband to file the complaint in Alabama.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ„ concur.

. Similarly, in construing Title 34, § 28, Ala. Code 1940, the predecessor to § 30-2-4, our Supreme Court has stated:
"The word 'resides' as used in [Title 34, § 28, Ala.Code 1940, the predecessor to § 30-2-4,] means legal residence and is equivalent to domicile. The terms, as employed, are synonymous and denote the place where the person is deemed in law to live, which may not always be the place of one’s actual dwelling, and are to be contra-distinguished from temporary abode.”
Ex parte Weissinger, 247 Ala. 113, 117, 22 So.2d 510, 513 (1945).

. In addition to the explanation set forth below as to why the husband’s position is without merit, that position arguably conflicts with the holding of our Supreme Court in Ex parte Moss, 278 Ala. 628, 179 So.2d 753 (1965) (holding that the last clause of the similarly worded predecessor to § 30-2-4 stands alone and spells out where divorce suits against nonresidents are to be filed).