(100 South. 809)

**AGEE et ux. v. AGEE'S CASH STORE NO. 2.**
(1 Div. 307.)

(Supreme Court of Alabama. June 12, 1924.)

1. Equity ☞418—Submission of cause on call of equity docket for decree pro confesso, held proper without written request.

Where a cause, with the required note of testimony, was submitted on call in open court of the equity docket for final decree on the bill and decree pro confesso, pursuant to chancery rule 77 (Code 1907, p. 1552), Code 1907, § 3164, as amended by Acts 1911, p. 565, and Gen. Acts 1915, p. 606, requiring filing of written request for submission with register or clerk, did not apply.

2. Trusts ☞247—Cestui que trust is real party in interest in equity.

The cestui que trust is the real party in interest in a court of equity.

3. Corporations ☞189(½) — Suit to cancel conveyance by stockholder of property held in trust for corporation held primary duty of corporation.

The duty of instituting a bill to cancel a conveyance by a stockholder of property held in trust by him for the corporation, primarily rested on the corporation.

4. Corporations ☞189(9)—Misjoinder of parties or nonjoinder of necessary parties held not to exist.

Where a corporation brought a bill against a stockholder and his wife to set aside a conveyance by the stockholder to the wife of property held in trust for the corporation, there was no misjoinder or nonjoinder of necessary parties.

5. Corporations ☞189(11)—Corporate bill to set aside conveyance of property held in trust held to state cause of action.

A bill by a corporation to set aside a conveyance by a stockholder of property held in trust by the stockholder for the corporation *held* to state a cause of action.

6. Judgment ☞18(2)—Bill insufficient in form will support decree, but bill not stating cause of action, will not.

Under Code 1907, §§ 2837, 4143, a bill which is merely insufficient in form will support a decree, but one which does not state a cause of action is fatally defective.

Appeal from Circuit Court, Mobile County; Joel W. Golsby, Judge.

Bill in equity by Agee's Cash Store No. 2 against T. C. Agee and wife to cancel a deed, etc. From a decree for complainant, respondents appeal. Affirmed.

The bill alleges that in 1919 T. C. Agee, D. C. Agee, and W. T. Bowen were partners engaged in the grocery business, owning the business, stock of goods, and a brick building and the property on which it is located; that it was decided to incorporate and to convey to the corporation the respective interests of the partners; that stock was issued, T. C. Agee receiving 40 shares in consideration of his interest, and the corporation formed under the name of Agee's Cash Store No. 2 (complainant here); that prior to incorporation T. C. Agee held the realty in trust for the partners, and in inducing Bowen to invest money in the corporation, represented that the realty was the property of the partnership, and that Bowen did so invest in the

corporation on the faith of such representation.

It is alleged that T. C. Agee, in December, 1919, conveyed the realty to his wife; that the incorporation of complainant was had in January, 1920, pursuant to an agreement consummated prior to December, 1919, that the realty should have been conveyed by T. C. Agee to the complainant in part payment of his subscription for stock; that the conveyance by Agee to his wife was fraudulent as to complainant, and that the wife acquired no interest thereunder.

It is prayed that the deed from T. C. Agee to his wife be set aside, that the property be divested out of said Agee and wife and vested in complainant, and for general relief.

Lyons, Chamberlain & Courtney, of Mobile, for appellants.

No written request being filed with the register for submission, the final decree should not have been entered. Code 1907, § 3164; Acts 1911, p. 565. In order to support final decree after decree pro confesso, the bill must contain equity. Hodges v. Birmingham Sec. Co., 187 Ala. 290, 65 South. 920; Nat. B. & L. Ass'n v. Ballard, 126 Ala. 155, 27 South. 971; Jasper v. Eddins, 208 Ala. 431, 94 South. 516; McDonald v. Mobile Life Ins. Co., 56 Ala. 468; Johnson v. Hattaway, 155 Ala. 516, 46 South. 760; Flewellen v. Crane, 58 Ala. 627; Johnson v. Kelly, 80 Ala. 135.

S. P. Gaillard, Jr., of Mobile, for appellee.

Any cause may be submitted for decree any morning on the call for motions. Chancery rule 77, Code 1907, p. 1552. The grantee in a deed, wife of grantor, who has knowledge that her husband, the grantor, held title to the property conveyed in trust, takes the title burdened with this trust. Sleeper v. Iselin, 62 Iowa, 583, 17 N. W. 922; 39 Cyc. 584; Randolph v. E. Birmingham Land Co., 104 Ala. 355, 16 South. 126, 53 Am. St. Rep. 64; Smith v. Townsend, 1 Okl. 117, 29 Pac. 80; White v. Costigan, 138 Cal. 564, 72 Pac. 178; Duff v. Duff, 71 Cal. 513, 12 Pac. 570; Wood v. Perkins (C. C.) 57 Fed. 258; Duckett v. Nat. Bank, 88 Md. 8, 41 Atl. 161, 1062; Amberson v Johnson, 127 Ala. 490, 29 South. 176; s. c., 140 Ala. 342, 37 South. 273; Shaw v. Spencer, 100 Mass. 382, 97 Am. Dec. 107, 1 Am. Rep. 115; Coryell v. Klehm, 157 Ill. 462, 41 N. E. 864; Lebnard v. Specht, 180 Ill. 208, 54 N. E. 315.

THOMAS, J. [1] The cause was submitted on the call of the equity docket for final decree on the bill and decree pro confesso, and a final decree was entered on August 2, 1923. Assignments of error challenge the jurisdiction of the court to render said decree.

The amendment of section 3164 of the Code of 1907, by Acts 1911, p. 565, was further amended by Acts 1915, p. 606. Gilliland

Merc. Co. v. Sinclair, 203 Ala. 62, 82 South. 22; Cooper v. Cooper, 210 Ala. 13, 97 South. 66. It is insisted here that said decree should not have been rendered for complainant, since it or its solicitor of record (no defense being interposed), did not file a request in writing to the register or clerk of the court, requesting the submission. However, there was a note of the testimony required by law of the submission for final decree on the bill and decree pro confesso. The fallacy of this argument is that the submission was not before the clerk or register, but was on the call, in open court, of the equity cases ready for disposition by the presiding judge. Chancery rule 77, Code, p. 1552. The statute adverted to (Gen. Acts 1915, p. 606) cannot be given application to such submissions. The chancery court or court of equity is always open for the transaction of the business of that division of the court (Gen. Acts 1915, p. 135), and the docket is periodically called by the judge. The foregoing statute can only have application to submissions before the clerk and register at a time when the docket is not called, in the absence of the judge. If it be held otherwise, the same would unduly limit the inherent power of the court in the disposition of pending causes by the withholding by counsel of the written request for submission. Section 3164, of the Code, and its amendments, had for its purpose the due expedition of pending causes, and provided for a formal hearing on written request at a time when the equity docket was not being called, and when the judge was absent from the court. This being a proper submission of the instant case for final decree, the same was rendered at a time provided by law. Chancery rule 78, Code, p. 1552; Gen. Acts 1915, p. 135; Zaner v. Thrower, 203 Ala. 650, 84 South. 820.

The conveyance by the husband and trustee of trust property to the wife was sought to be annulled for fraud in Davoue v. Fanning, 2 Johns. Ch. (N. Y.) 252, 261. Chancellor Kent there declared that if a trustee sells the trust estate and becomes himself interested in the purchase, the cestuis que trustent are entitled to have the purchase set aside and the property resold by direction of the court. It was declared that it makes no difference in the application of the rule that a sale was at public auction, bona fide, and for a fair price, and that the executor did not purchase himself, but a third person by previous arrangement became the purchaser, to hold in trust for the separate use and benefit of the wife of the executor, who was one of the cestuis que trustent and had an interest in the land under the will of the testator. The chancellor said:

"However innocent the purchaser may be in the given case, it is poisonous in its consequence. The cestui que trust is not bound to prove, nor is the court bound to judge, that the trustee has made a bargain advantageous to him-

self. The fact may be so, and yet the party not have it in his power, distinctly and clearly, to show it. There may be fraud, as Lord Hardwicke observed, and the party not able to prove it. It is to guard against this uncertainty and hazard of abuse, and to remove the trustee from temptation, that the rule does and will permit the cestui que trust to come, at his own option, and without showing actual injury, and insist upon having the experiment of another sale. This is a remedy which goes deep, and touches the very root of the evil."

In Bassett v. Shoemaker, 46 N. J. Eq. 538, 542, 543, 20 Atl. 52, 53 (19 Am. St. Rep. 435), the same rule was invoked in the following observations:

"The incapacity of the trustee to become a purchaser at his own sale rests upon the ground of public policy. It is wholly immaterial whether the property brings its full value. Culver v. Culver, 3 Stock. 215; Mulford v. Bowen, 1 Stock. 797.

"The exclusion of the wife as a purchaser, where the husband sells as a trustee, is not so much for the reason that he may subsequently become entitled to some interest in her lands, as on account of the unity which exists between them in the marriage relation. The case falls clearly within the spirit of the principle which excludes the husband himself.

"In Romaine v. Hendrickson, 12 C. E. Gr. 162, affirmed 1 Stew. Eq. 275, Vice Chancellor Van Fleet says:

"'So jealous is the law of the interest of the cestui que trust that it will not tolerate the slightest antagonism on the part of the trustee. The object of the rule is to prevent the trustee from using his information and power to the prejudice of the cestui que trust.'"

In Chapman v. Hughes, 134 Cal. 641, 58 Pac. 298, 60 Pac. 974, 66 Pac. 982, this principle was applied to the sale of trust property by the trustee to the wife of the trustee's son, when the son had knowledge of the trust. See, also, Gardner v. Ogden (22 N. Y. 327) 78 Am. Dec. 211; Mackinley v. McGregor, 3 Whart. (Pa.) 369, 31 Am. Dec. 523. The foregoing cases were of sales of trustees of the trust properties.

[2-4] There was no misjoinder of parties or nonjoinder of necessary parties. It was the primary duty of the corporation to take this action to protect its properties and its creditors, as well as to safeguard the interest of its stockholders. It sought to discharge this duty by prosecuting the instant suit, having for its object the uncovering of the fraud, the cancellation of the conveyance, etc. The cestui que trust is the real party in interest in a court of equity. Town of Carbon Hill v. Marks, 204 Ala. 622, 86 South. 903; Lebeck v. Ft. Payne Bank, 115 Ala. 447, 22 South. 75, 67 Am. St. Rep. 51; 3 Pom. Eq. Jur. (3d Ed.) § 1094, 3 Cyc. Dig. Ala. Rep. "Corporations," p. 495, § 113 (1), (2).

[5, 6] The bill states the facts authorizing relief—that is, states a cause of action—and to which no demurrer was filed. There is a distinction between a bill that is merely insufficient in form and one that does not state a cause of action. The former will support a decree; the latter will not. Code 1907, §§ 2837, 4143; Johnson v. Kelly, 80 Ala. 135; Jasper v. Eddins, 208 Ala. 431, 94 South. 516; Johnson v. Hattaway, 155 Ala. 516, 46 South. 760; 5 Cyc. Dig. Ala. Rep. p. 637, § 312; 15 R. C. L. p. 667, § 117. And the facts averred showed the wife was not a bona fide purchaser for value, without notice of the trust properties conveyed to her in fraud of the rights of the corporation, its stockholders, and creditors. The prayer of the bill was specific and appropriate, and it contained the general prayer.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.