267 So.2d 457

**Norris Lee NORTON**

**v.**

**Judith D. NORTON.**

**7 Div. 41.**

Court of Civil Appeals of Alabama.

Oct. 4, 1972.

Charles M. Scott, Ft. Payne, for appellant.

Traylor, Baker & Cole, Ft. Payne, for appellee.

BRADLEY, Judge.

This case was originally submitted to this court on motion to dismiss the appeal and affirm the decree of the trial court for the failure of the record to be properly certified and on the merits. This court granted the motion to dismiss the appeal and affirmed the decree of the trial court. The Supreme Court granted the writ of certiorari and reversed the decision of this court. Ex parte Norton, 289 Ala. ——, 267 So.2d 452 (1972). The case is now before this court for a decision on the merits of the appeal.

The appeal is from a final decree of the Circuit Court of DeKalb County, in Equity, granting a divorce to appellee, giving her custody of the three minor children, awarding child support in the amount of $150.00 per month, and disposing of certain real and personal property owned by the parties.

Appellee filed a bill of complaint on May 19, 1970 in the Circuit Court of DeKalb County seeking a divorce from appellee on the ground of cruelty. Appellant filed a plea in abatement as to venue and asked for a hearing. This was a special appearance for the sole purpose of questioning venue. The bill of complaint was amended and the venue plea was refiled to the complaint as amended.

A hearing was held before the court on the special plea, at which time the appellee was the only witness. The trial court overruled the venue plea and appellant applied for a rehearing. The rehearing was denied. Subsequently a decree pro confesso was rendered by the court on the motion of the appellee.

The testimony of the appellee was taken before the register of the court and reduced to writing. The cause was submitted to the trial court on the bill of complaint, decree pro confesso and the note of testimony of appellee.

There are sixteen assignments of error filed in the record on appeal.

Assignment two questions the decision of the trial court in overruling the venue plea.

In his brief appellant raises as an issue the insufficiency of the evidence to support

the allegations concerning where the parties lived, where the separation occurred, and where the alleged acts of cruelty occurred.

■ Appellee counters by saying that appellant cannot rely on this argument for the reason that his brief is not in compliance with that portion of Rule 9(b) of the Supreme Court Rules which requires a narrative statement of each witness' testimony. In the instant case the only witness to testify was the appellee, and there is enough of her testimony narrated to constitute compliance.

The evidence adduced in support of the amended complaint shows that the parties to this controversy were living together as man and wife in the City of Huntsville, Madison County, Alabama in the year 1969.

In September 1969 appellee left their residence in Huntsville and went to live with her parents in Fort Payne, DeKalb County, Alabama. Appellee says that she was forced to leave her home in Huntsville because of the physical attack made upon her by the appellant and the consequent concern for her safety and well-being. After the physical assault on her by appellant, appellee had appellant committed to Bryce Hospital at Tuscaloosa, the State mental hospital. Within a very short time appellant was transferred to the Veterans Administration Hospital at Tuscaloosa. Appellant remained there until the early part of December 1969 when he was permitted to make trial visits to his home.

On the first visit and subsequent trial visits, appellant went to Fort Payne and lived with his family in a trailer belonging to them. The house in Huntsville was rented out by appellee in December 1969.

During one of the visits in December 1969 appellee stated that she was forced to leave the parties' trailer in Fort Payne because of the actions of the appellant. She stated that she did not return to the trailer

to live until the spring of 1970. She stated that when she returned to the trailer, appellant was no longer residing there.

Appellee also stated that during the time that appellant was living in Fort Payne, Alabama, he had a post office box—P. O. Box 51—for the transaction of his novelty business. He did a lot of mail order business as well as personal solicitation.

Title 34, Section 28, Code of Alabama 1940, as Recompiled 1958, provides, in pertinent part, as follows:

> "Bills for divorce may be filed in the circuit court of the county . . . in which the parties resided when the separation occurred; . . . ."

The Supreme Court of Alabama has concluded that venue is laid, so far as the above cited portion of Section 28 is concerned, in the county where the parties resided at the time of separation, not in the county where the separation occurred. Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510.

There was evidence before the trial court that the parties to this proceeding were residing in Fort Payne at the time of the separation; and there was no evidence before the court that the parties did not intend to make Fort Payne their permanent home.

■ After carefully examining the evidence presented to the trial court, we cannot say that it was palpably in error in overruling the plea in abatement as to venue, and this we would have to do in order to reverse its decision. Ex parte Lewis, 262 Ala. 463, 79 So.2d 792.

In assignments of error four, five, six and seven appellant says that the trial court erred in issuing a decree pro confesso on personal service, without notice to him, and on its own motion; it also erred in decreeing a decree pro confesso for failure to plead, answer or demur within thir-

-ty days of the date of service of the bill of complaint.

■ The record shows that appellant was personally served with a copy of the complaint and a summons; that he made a special appearance by filing a plea in abatement as to venue; that the plea was overruled and appellant given thirty days to plead further; that he asked for a re-hearing of the denial of the plea; that he failed to plead further and filed no answer to the complaint.

The record reflects that the register was moved and did enter a decree pro confesso against appellant for his failure to plead, answer or demur to the complaint after being personally served with it and the summons.

In Thacker Creek Coal Co. v. Smith, 238 Ala. 22, 189 So. 69, the Supreme Court found that where a demurrer had been overruled and additional time given for filing an answer and the answer was not filed within the time authorized, a decree pro confesso was lawfully issued.

In the present case the appellant appeared specially by plea to venue and when his plea was overruled, was given thirty days to plead further. With the exception of a motion for rehearing of the ruling on the special venue plea, there were no further pleadings nor answer filed within the prescribed time.

The decree pro confesso was requested some three months after the expiration of the extended period for pleading. We find no error here.

In assignments of error fourteen and fifteen appellant also complains that the final decree was based on a decree pro confesso after personal service and without notice to the appellant.

The note of submission shows the case submitted to the trial court on the bill of complaint, decree pro confesso and testimony of appellee. Appellant was not given notice of the submission for final decree.

In Wright v. Wright, 205 Ala. 519, 88 So. 828, it was stated that where a decree pro confesso has been rendered against a respondent after personal service, the respondent cannot complain about lack of notice of hearings or proceedings subsequent to the decree pro confesso.

■ Where the respondent suffers a decree pro confesso to be rendered against him, he cannot later complain about the failure of complainant to give notice of the submission of the cause for final decree. There is no error in this aspect of the case.

Appellant argues that the case was not submitted for final decree as required by Title 34, Section 39, Code of Alabama 1940, as Recompiled 1958.

Section 39, supra, provides in part as follows:

"In divorce proceedings in any of the courts of this state, whenever a decree pro confesso in a suit for divorce has been taken and the case is ready for submission for final decree, and the complainant or his solicitor of record, if no defense has been interposed, shall file a written request with the register or clerk of the court where the cause is pending, asking for the submission of said cause, . . . ."

The record does not disclose any writing to the register from the appellee or her attorney requesting a submission. It does, however, contain a writing requesting submission for final decree on bill of complaint, decree pro confesso, and note of testimony.

In Agee v. Agee's Cash Store #2, 211 Ala. 422, 100 So. 809, it was stated that where the submission is to the court rather than to the register, the failure of the complainant or its attorney to file such writing does not prevent the court from taking submission on a note of testimony, bill and decree pro confesso. To allow the submission to be thwarted would limit the inher-

ent power of an equity court to dispose of pending causes.

In the instant case there was a note of testimony asking for submission for final decree on the bill of complaint, decree pro confesso and deposition of appellee. The note of testimony was not directed to the register, but in our opinion was directed to the court. The trial court took submission of the case on this note of testimony. Based on the holding in the *Agee* case, we find no error in the action of the trial court in taking submission and rendering final decree.

Assignments of error one, ten, thirteen and sixteen are not sufficiently argued to warrant consideration by this court. The argument amounted to no more than a restatement ·of the assignment; and there was no authority cited or relied upon in the argument. See Shelby County v. Hatfield, 264 Ala. 488, 88 So.2d 842; Alabama Electric Co-operative, Inc. v. Partridge, 284 Ala. 442, 225 So.2d 848.

The Supreme Court in Silavent v. Silavent, 281 Ala. 58, 198 So.2d 785, stated that the repetition in brief of the assignment of error did not constitute a compliance with Rule 9, Supreme Court Rules, requiring that assignments of error be substantially argued in brief. Also see Cunningham v. Lowery, 45 Ala.App. 700, 236 So.2d 709; Cobb-Kirkland Motor Co. v. Rivers, 46 Ala.App. 686, 248 So.2d 725.

Assignments of error three, eight, nine, eleven and twelve were not argued in brief and are deemed waived. Supreme Court Rule 9; McGehee v. Frost, 268 Ala. 23, 104 So.2d 905.

There being no reversible error apparent from the appellant's brief, this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.