ROBERT P. BRADLEY, Retired Appellate Judge.
This is a mandamus proceeding to change venue.
Della W. Watkins filed a complaint in the Circuit Court of Coosa County on March 14, 1989 seeking a divorce from her husband, Haywood D. Watkins, Jr. On March 28, 1989 the husband filed a motion to transfer the action to Coffee County, Alabama, alleging improper venue in Coosa County, Alabama.
After a hearing the trial court denied the motion to transfer on the ground that a marital separation occurred when the hus *1099 band moved from Coosa County to Coffee County on or about February 3, 1989.
On September 13, 1989 the husband petitioned this court for a writ of mandamus, asking that the Honorable D. A1 Crowson of the Circuit Court of Coosa County be ordered to transfer the divorce case from Coosa County to Coffee County for trial. In his petition filed here, the husband contends that Coosa County was not the domicile or legal residence of the parties at the time of the separation.
Section 30-2-4, Ala.Code 1975, provides, in part, as follows:
“Complaints for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred. ...”
Venue, in a divorce action, lies in the county where the parties resided at the time of the separation, not in the county where the separation occurred. Norton v. Norton, 48 Ala.App. 663, 267 So.2d 457 (Ala.Civ.App.1972).
The husband argues here that he changed his legal residence or domicile from Coosa County to Coffee County on February 3, 1989 and that he and his wife did not separate until she moved from Coo-sa County to Huntsville, Alabama on March 11, 1989. He says that he had been a legal resident of Coffee County for about forty-five days when the divorce complaint was filed on March 14, 1989.
The evidence shows that the parties were married June 13, 1981 and moved to Coosa County in September or October of 1985. They lived on a farm consisting of about fifty-three acres outside Rockford, Alabama. The husband was employed by the United States Department of Agriculture as a district conservationist in Coosa County. He was also a registered voter in that county.
The husband testified that he moved to Enterprise in Coffee County, Alabama on February 3, 1989 to assume a new job. He rented a house in Enterprise and stated that Enterprise was to be his family’s new home.
The husband also stated that his wife went to Enterprise two or three times before she moved to Huntsville. Moreover, he says the parties did not separate until March 11, 1989, when the wife moved to Huntsville. Further, the husband testified that he had no knowledge of an impending divorce until he received a telephone call in mid-March 1989 from his wife’s attorney.
The wife’s testimony is quite different from that of the husband’s testimony. She stated that for about six months prior to filing the divorce she and her husband constantly fought and that on several occasions they discussed divorcing. The wife testified that she did not live with her husband as his wife after he moved to Enterprise and that she considered them separated as of February 3, 1989, when he left for his new job in Enterprise.
The question of whether to transfer a case because of venue addresses itself to the sound discretion of the trial court, and any abuse of that discretion may be controlled by the writ of mandamus. Ex parte Sutton, 508 So.2d 682 (Ala.Civ.App.1987). The trial court exercised its discretion in the case at bar and refused to transfer the case to Coffee County. Based on the evidence in the record, we do not find any abuse of that discretion. The husband’s petition for the writ of mandamus is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT DENIED.
All the Judges concur.