I. Background
Addiction Mental Health Services, Inc., d/b/a Bradford Health Services ("Bradford"), provides inpatient health-care services, including physical and mental *Page 534 
assessments, diagnostic impressions, and treatment plans. Anthony Stepter was a patient of Bradford's; he resided at one of Bradford's adult residential facilities in Jefferson County. Stepter claims that Bradford breached its duty to him by divulging to third parties, without his consent, confidential information regarding his treatment.
According to Stepter, Bradford twice disclosed confidential information regarding his treatment. First, he claimed that documents regarding his treatment were left lying on the floor at the Birmingham residential facility where others could see them. Second, he claimed that a Bradford employee at the Birmingham facility disclosed confidential information about him to his employer in Tuscaloosa.
Stepter sued Bradford in the Tuscaloosa Circuit Court, alleging: (1) invasion of the right of privacy and an abuse of a privileged and confidential relationship, (2) breach of contract, and (3) breach of a fiduciary relationship. Stepter sued Bradford in the Tuscaloosa Circuit Court, even though he alleges that his records were disclosed in Jefferson County, because, said Stepter, he "suffered his most serious injury when he arrived at his job in Tuscaloosa County and was retaliated against based on the information that Bradford provided to [his] employer." He did not allege that Bradford divulged any confidential information or took any action in Tuscaloosa County. Instead, Stepter maintained that, pursuant to §6-3-7(a), Ala. Code 1975, venue is proper in the county in which he, as the plaintiff, resides.
On June 16, 2005, Bradford filed a motion to transfer the case to the Jefferson Circuit Court pursuant to the venue provision of the Alabama Medical Liability Act, § 6-5-546, Ala. Code 1975 ("the AMLA"), or, in the alternative, to dismiss the case. On August 9, 2005, a hearing was held on Bradford's motion. Bradford's motion was denied on August 9, 2005.
Bradford now petitions for a writ of mandamus asking this Court to direct the trial court to vacate its August 9, 2005, dismissal of Bradford's motion and to transfer the action to the Birmingham Division of the Jefferson Circuit Court, in accordance with the venue provision of the AMLA, § 6-5-546, Ala. Code 1975.
 II. Standard of Review "'"Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the Court."`"
Ex parte Maye, 799 So.2d 944, 946 (Ala. 2001) (quotingEx parte Mardis, 628 So.2d 605, 606 (Ala. 1993), quoting in turn Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488
(Ala. 1990)).
A petition for the writ of mandamus is an appropriate means by which to challenge a trial court's order refusing to transfer a case based on improper venue. Ex parte Sawyer,892 So.2d 898, 901 (Ala. 2004).
 III. Analysis
The primary issue in this case is whether Bradford has a clear legal right to have this case transferred to the Jefferson Circuit Court. For Bradford to have a clear legal right to the change of venue, the AMLA must govern. If the statute governing venue for actions against corporations, § 6-3-7, Ala. Code 1975, rather than the AMLA, governs, venue is proper in Tuscaloosa County and the petition for the writ of mandamus is due to be denied. *Page 535 
The AMLA provides at § 6-5-546, Ala. Code 1975:
 "In any action for injury or damages or wrongful death whether in contract or in tort against a health care provider based on a breach of the standard of care, the action must be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the Defendant actually occurred. If plaintiff alleges that plaintiff's injuries . . . resulted from acts or omissions which took place in more than one county within the State of Alabama, the action must be brought in the county wherein the plaintiff resided at the time of the act or omission, if the action is one for personal injuries. . . ."
Bradford argues that the AMLA applies to any claim alleging a breach of the standard of care by a health-care provider, whether that claim arises "in contract or tort and whether based on intentional or unintentional conduct." § 6-5-542(2), Ala. Code 1975. Bradford states that this Court has previously recognized the broad scope of the AMLA and its general application to all claims arising out of the relationship between a health-care provider and a patient.
In support of its argument, Bradford cites Clements v. JohnAlvan Stewart, P.C., 595 So.2d 858, 862 (Ala. 1992) (explaining that the AMLA applies to "all causes ofaction against health care providers that accrue after June 11, 1987"), and Mobile Infirmary v. Delchamps,642 So.2d 954, 957 (Ala. 1994) (arguing that "Section 6-5-482 is broad; it applies to all actions alleging `liability' as well as `error, mistake, or failure to cure, whether based on contract or tort.' This language encompasses contract claims alleging breach of express and implied warranties, as well as tort claims alleging liability under the AEMLD [Alabama Extended Manufacturer's Liability Doctrine] and alleging negligence in the design, manufacture, sale, or distribution of a product and negligence in the failure to warn of dangers associated with its use.").
We do not agree that the AMLA applies to all claims against health-care providers arising out of the relationship between the health-care provider and the patient. In 2004, this Court explained the scope of the AMLA, stating:
 "[T]he [AMLA] applies `only to medical-malpractice actions,' Mock v. Allen, 783 So.2d 828, 832
(Ala. 2000), `in the context of patient-doctor and patient-hospital relationships.' Thomasson [v. Diethelm], 457 So.2d [397,] 399 [(Ala. 1984)]. By definition, a `medical-malpractice action' is one for redress of a `medical injury.' See § 6-5-540
(purpose of the [AMLA] is to regulate actions for `alleged medical injury') (emphasis added [in Taylor]); see also Ala. Code 1975, § 6-5-549.1 (same)."
Taylor v. Smith, 892 So.2d 887, 893 (Ala. 2004); see also George H. Lanier Hosp. v. Andrews, 901 So.2d 714,720 (Ala. 2004).
In Andrews and Taylor, the plaintiffs asserted claims that were independent of any medical treatment they had received from the defendant health-care provider. InAndrews, the plaintiff sought to recover for alleged misconduct by the health-care provider occurring after the former patient died. Consequently, this Court concluded that the cause of action could not have been governed by the AMLA because "it is plain that the complained-of actions were not performed in the course of providing health-care services to a patient."Andrews, 901 So.2d at 721.
In Taylor the plaintiffs sought damages for injuries resulting from an automobile accident involving the physician's patient; they did not seek damages for injuries resulting from a doctor-patient relationship *Page 536 892 So.2d at 893. Because the Taylor plaintiffs were "seeking recovery for damages and injuries arising out of an automobile accident," not for medical injuries to a patient resulting from the doctor-patient relationship, the Court concluded that the case was not governed by the AMLA.
Therefore, in the instant case, the AMLA applies only if Stepter's claim seeks redress for a "medical injury." Yet Stepter does not claim to have suffered a "medical injury"; rather, he argues that he "suffered economic damages, damage to his reputation, employment related injuries, and other injuries primarily economic in nature." Furthermore, the only medically related injury he asserts he suffered is alleged to be the result of the claimed invasion of privacy, breach of contract, and breach of a fiduciary duty:
 "As a direct and proximate result of [Bradford's] actions, [Stepter] sustained physical, mental and emotional anguish and distress, all to his general damage. As a direct and proximate result of [Bradford's] actions, [Stepter] was caused to incur medical expenses for psychiatric treatment and will continue to incur said expenses in the future."
Therefore, although Stepter's claims allege a breach of a duty that is derived from, and dependent upon, the health-care provider/patient relationship, they do not involve medical malpractice or medical injury per se. Thus the injuries Stepter suffered cannot properly be classified as "medical injuries" under the AMLA, and the venue provision of the AMLA does not apply.
 IV. Conclusion
To succeed on its petition for the writ of mandamus, Bradford must prove it has a clear legal right to a change of venue from the Tuscaloosa Circuit Court to the Jefferson Circuit Court. To do so, it must prove the AMLA applies to Stepter's cause of action. Because the AMLA does not apply to every claim arising out of a relationship between a health-care provider and a patient, Bradford must show specifically that Stepter's injuries are "medical injuries" under the AMLA. Because Bradford has failed to do so, it has not established a clear legal right to the order sought. The trial court correctly denied its motion for a change of venue. Accordingly, we deny the petition for the writ of mandamus.
PETITION DENIED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, STUART, SMITH, and BOLIN, JJ., concur.