BOLIN, Justice.
 

 Sanford P. Lowengart III seeks a writ of mandamus ordering the trial court to
 
 *675
 
 grant his Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss him as a defendant in an action brought by Gloria Lowengart on the basis that the trial court lacks personal jurisdiction over him.
 

 Facts and Procedural History
 

 Gloria has been a resident of Alabama since 2000. Sanford, her son, lives in California and was employed by Cephus Capital Management LLC (“Cephus”), an investment-management company he founded, in 2007. According to Gloria, Sanford contacted her in September 2007 and asked her to retain Cephus as her investment advisor. Cephus sent Gloria an investment-advisory agreement “made between the undersigned party Gloria D. Lowengart (‘Client’) and Cephus Capital Management LLC, a registered investment adviser (‘Adviser’).” The agreement set out the terms and conditions for Ce-phus’s representation of Gloria, which Gloria signed on September 7, 2007. The agreement contained an arbitration clause.
 

 According to Gloria, Sanford contacted her in April 2008 and suggested that she terminate her investment-advisory agreement with Cephus and that she appoint Cephus as her power of attorney to trade securities on a discretionary basis within her investment account with Charles Schwab & Co. On May 1, 2008, Gloria sent the following letter to Sanford at- Cephus:
 

 “This letter shall serve to confirm that Cephus Capital Management LLC is not the ‘Investment Advisor’ of my Charles Schwab & Co. account. We have not entered into an Investment Advisory agreement (as Cephus does not charge fee’s [sic] on my account nor actively manage these assets).
 

 “I desire to have my son, Sanford P. Lowengart III, assist me in MY OWN management of the account through helping me execute trades (my own self directed trades) and executing stop loss orders electronically. I do not possess a computer or knowledge of internet trading mechanics. I will ultimately determine each investment, trade and strategy (including use of margin leverage) and be wholly responsible for the outcome. I realize that for someone of my age and means I put myself at great risk by using margin debt so aggressively and maintaining such concentration in momentum sectors of the market. I hold harmless Cephus Capital Management LLC from any losses arising from my own trading.
 

 “If I choose to enter in to an Investment Advisory relationship with Cephus Capital Management LLC, at a point in the future, I will notify the firm in writing by signing an Investment Advisory Agreement and filling out an Investment Questionnaire to determine Investment Policy.”
 

 Cephus mailed Gloria a limited power of attorney, which she signed on May 7, 2008, and returned to Cephus. The limited power of attorney allowed Charles Schwab & Co. to execute trades on her investment account there at Cephus’s direction. The power of attorney described the method for determining the amount of investment-advisory fees and provided that that amount would be debited from Gloria’s Charles Schwab account. Under the power of attorney, notice of any proxies, tender offers, proposed mergers, rights offerings, and other issuer communications went to Gloria and not to Cephus. Between May 2008 and October 2008, 422 transactions were executed by Cephus through Sanford on Gloria’s investment account at Charles Schwab & Co. with a loss of over $750,000.
 

 On September 30, 2009, Gloria sued Sanford, Cephus, and Christopher Cooper Young (an employee of Cephus) in the
 
 *676
 
 Jefferson Circuit Court. She alleged fraud, negligence, wantonness, breach of contract, breach of fiduciary duty, and- various violations of the Alabama Securities Act. Apparently, Cephus and Young filed a motion to dismiss or, in the alternative, to compel arbitration. Their motion is not included in the materials attached to the petition for the writ of mandamus. On January 20, 2010, Sanford, who was no longer employed with Cephus, filed a Rule 12(b), Ala. R. Civ. P., motion to dismiss the claims against him on the following grounds: (1) lack of personal jurisdiction (Rule 12(b)(2)), and (2) insufficiency of process and insufficient service of process (Rule 12(b)(4) and Rule 12(b)(5), respectively). In the alternative, Sanford sought to join Cephus’s motion to compel arbitration.
 

 Gloria filed a response to Sanford’s motion to dismiss and attached her affidavit regarding Sanford’s contacts with Alabama and statements from her investment account at Charles Schwab & Co. for the period May 2008 to October 2008. Gloria’s response is not included in the materials attached to Sanford’s petition for the writ of mandamus; however, her affidavit and the account statements are attached. The account statements do not indicate that Cephus was paid for its investment advice to Gloria. Gloria’s affidavit provided as follows:
 

 “1. My name is Gloria Lowengart and I make this affidavit based upon my own personal knowledge. I am the plaintiff in the above-styled case. I have lived in Alabama since 2000. I am 82 years of age.
 

 “2. In or about September 2007, my son, defendant Sanford P. Lowengart, III (‘Sandy’), telephoned me at my house in Birmingham, Alabama and solicited me to retain Cephus Capital Management, L.L.C., (‘Cephus’) as my investment advisor. I agreed and executed an Investment Advisory Agreement with Cephus. (See Exhibit 2, Evi-dentiary Submission in Opposition to Defendants’ Motions to Dismiss submitted contemporaneously herewith). Thereafter, Cephus made recommendations to me regarding trades in my Charles Schwab account.
 

 “3. In or about April 2008, Sandy contacted me at my home in Birmingham, Alabama and stated that Cephus and I should terminate the Investment Advisory Agreement, and that instead, I should appoint Cephus as my Power of Attorney to trade securities on a discretionary basis within my Charles Schwab account. I agreed.
 

 “4. On or about May 1, 2008, I wrote a letter of termination to Cephus whereby the Investment Advisory Agreement was terminated. (See Exhibit 8). Thereafter Cephus mailed a Limited Power of Attorney Agreement to me in Alabama, which I executed and returned to Cephus. (See Exhibit 4).
 

 “5. Over the next six months, Ce-phus made 422 transactions within my account, and the total dollar amount of such trades exceeded $3.25 million. (See Exhibit 5). The discretionary trading by Cephus pursuant to the Power of Attorney resulted in a net loss of over $750,000.00 in my account.”
 

 On February 25, 2010, Sanford filed a reply to Gloria’s response.
 

 After a hearing on the motions to dismiss, the trial court entered the following order on March 26, 2010:
 

 “This cause is pending before the Court on Motions to Dismiss by Sanford P. Lowengart, III, Cephus Capital Management, LLC, and Christopher Cooper Young. [Gloria’s] claim arises out of a series of transactions of [Gloria’s] investment account at Charles Schwab pursu
 
 *677
 
 ant to a Power of Attorney granted by [Gloria]. It is undisputed that [Gloria] is a resident of Alabama and that the Defendants are residents of California. The Defendant, Sanford P. Lowengart, III is the son of Gloria Lowengart and is a founder of Cephus Capital Management, LLC. Christopher Cooper Young is an officer of Cephus Capital Management. Apparently all of the transactions occurred in California; however, it is not clear where the transactions may have originated.
 

 “‘The appropriate standard of review under Rule 12(b)(6)[, Ala. R, Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief.
 
 Raley v. Citibanc of Alabama/Andalusia,
 
 474 So.2d 640, 641 (Ala.1985);
 
 Hill v. Falletta,
 
 589 So.2d 746 (Ala.Civ.App.1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail,
 
 Fontenot v. Bramlett,
 
 470 So.2d 669, 671 (Ala.1985);
 
 Rice v. United Ins., Co. of America,
 
 465 So.2d 1100, 1101 (Ala.1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’
 

 “Based upon the pleadings, briefs and arguments of counsel the Court, concludes as follows:
 

 “(1) The Motions to Dismiss as to Sanford P. Lowengart, III and Cephus Capital Management,' LLC are Overruled. A dispositive motion as to the claims against these Defendants may be more appropriately addressed in a Motion for Summary Judgment after discovery.
 

 “(2) The Motion to Dismiss as to the Defendant, Christopher Cooper Young is Granted and said Defendant is Dismissed, without prejudice.
 

 “(8) The Defendants Sanford P. Lowen-gart, III and Cephus Capital Management, LLC are allowed thirty (30) days to answer the complaint.”
 

 On April 13, 2010, the trial court amended its order as follows:
 

 “Upon Motion by the remaining defendants in this matter, Sanford P. Low-engart, III and Cephus Capital Management, LLC, to Amend the .order dated March 26, 2010, Overuling their pre-Answer motions, this Court, without changing its determinations as to the facts or the law, concludes as follows: “(1) The Motions to Dismiss filed pursuant Rule 12(b)(2) by Sanford P. Lowengart, III and Cephus Capital Management, LLC are Overruled. A dispositive motion as to the claims against these Defendants may be more appropriately addressed in a Motion for Summary Judgment after discovery.
 

 “(2) The Motion to Dismiss as tó the Defendant, Christopher Cooper Young is Granted and, said Defendant is Dismissed, without prejudice.
 

 “(3) The Motions to Compel Arbitration ' filed by Sanford P. Lowengart, III and Cephus Capital Management, LLC are Overruled.
 

 “(4) The Defendants Sanford P. Lowen-gart, III and Cephus Capital Management, LLC are allowed thirty (30) days to answer the complaint.”
 

 On April 28, 2010, Sanford timely filed this petition for a writ of mandamus.
 

 Standard of Review
 

 A petition for a writ of mandamus is the appropriate manner in which to chai-
 
 *678
 
 lenge an interlocutory order on the issue of personal jurisdiction, and a writ- -will issue only upon a showing of “(a) a clear legal right in the petitioner to the order sought, (b) an, imperative duty upon the respondent to perform, accompanied by a refusal to do so, (c) the lack of another adequate remedy, and (d) the properly invoked jurisdiction of the court.”
 
 Ex parte McInnis,
 
 820 So.2d 795, 798 (Ala.2001).
 

 Analysis
 

 “In considering a Rule 12(b)(2), Ala. R. • Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiffs complaint not controverted by the defendant’s affidavits,
 
 Robinson v. Giarmarco & Bill, P.C.,
 
 74 F.3d 253 (11th Cir.1996), and
 
 Cable/Home Communication Corp. v. Network Productions, Inc.,
 
 902 F.2d 829 (11th Cir.1990), and ‘where the plaintiffs complaint and the defendant’s . affidavits conflict, the ... court must construe all reasonable inferences in favor of the plaintiff.’
 
 Robinson,
 
 74 F.3d at 255 (quoting
 
 Madam v. Hall,
 
 916 F.2d 1510, 1514 (11th Cir.1990)). ‘For purposes of this appeal [on the issue of
 
 in personam
 
 jurisdiction] the facts as alleged by the ... plaintiff will be considered in a light most favorable to him [or her].’
 
 Duke v. Young,
 
 496 So.2d 37, 38,(Ala.l986).”
 

 Ex, parte McInnis,
 
 820 So.2d at 798
 

 In
 
 Ex parte Covington Pike Dodge, Inc.,
 
 904 So.2d 226, 229-30 (Ala.2004), this Court stated:
 

 “[I]f the defendant makes a prima facie evidentiary showing that the Court has no personal jurisdiction, ‘the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.’
 
 Mercantile Capital, LP v. Federal Transtel, Inc.,
 
 193 F.Supp.2d 1243, 1247 (N.D.Ala.2002)(citing
 
 Future Tech. Today, Inc. v. OSF Healthcare Sys.,
 
 218 F.3d 1247, 1249 (11th Cir.2000)). See also
 
 Hansen v. Neumueller GmbH,
 
 163 F.R.D. 471, 474-75 (D.Del.l995)(‘When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.’) (citing
 
 Time Share Vacation Club v. Atlantic Resorts, Ltd.,
 
 735 F.2d 61, 63 (3d Cir.1984)).”
 

 A plaintiff may be entitled to discovery on the issue of personal jurisdiction.
 
 Ex parte Puccio,
 
 923 So.2d 1069, 1077 (Ala.2005). A plaintiff, however, does not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case.
 
 Ex parte Troncalli Chrysler Plymouth Dodge, Inc.,
 
 876 So.2d 459 (Ala.2003). In order to be entitled to jurisdictional discovery, the plaintiff must allege facts that would support a colorable claim of jurisdiction.
 
 Id.
 
 Discovery will be denied if it is based on bare, attenuated, or unsupported assertions of personal jurisdiction or if the plaintiff’s claim is clearly frivolous.
 
 Id.
 
 “[T]he discovery to which a plaintiff is entitled in such a situation is only discovery that is relevant to the issue of personal jurisdiction, and the plaintiff is entitled to that discovery only when the plaintiff has offered the court more than conjecture and surmise in support of the jurisdictional theory.”
 
 Ex parte Gregory,
 
 947 So.2d 385, 390 (Ala.2006).
 

 In the present case, the trial court apparently concluded that discovery on the issue of personal jurisdiction was necessary to determine whether Sanford’s motion to dismiss should be granted. With regard to discovery, Sanford argues
 
 *679
 
 that Gloria makes no mention of what she hopes to find in discovery that will aid her in determining Sanford’s contacts with Alabama and that no evidence exists other than what has already been presented to the trial court regarding Sanford’s contacts with Alabama.
 
 [1]
 
 “[A] petitioner seeking a 'writ of mandamus to direct the trial court to dismiss an action against the petitioner for want of personal jurisdiction has the burden of establishing a clear legal right to the relief.”
 
 Ex parte Duck Boo Int’l Co.,
 
 985 So.2d 900, 906 (Ala.2007). We do not have Gloria’s motion in response to Sanford’s motion to dismiss for lack of personal jurisdiction, nor do we have before us the transcript of the hearing on the motion to dismiss. We do not have any discovery sought by Gloria attached to the petition. Additionally, Sanford fails to discuss any caselaw regarding discovery in the context of personal jurisdiction.
 

 Conclusion
 

 Sanford has not made a showing that he has a clear legal right to the relief he seeks at this stage of the proceedings. Accordingly, the petition for the writ of mandamus is denied.
 

 PETITION DENIED.
 

 COBB, C.J., and LYONS, STUART, and MURDOCK, JJ., concur.
 

 [1]
 

 . Sanford attaches to his petition a letter he wrote to Gloria and signed as a principal in Cephus, which he says in his brief was not before the trial court when the motion to dismiss-was filed.