MOORE, Judge.
Stephanie L. Carson ("the wife") petitions this court for a writ of mandamus directing the Randolph Circuit Court to vacate its order denying the wife's motion to dismiss a complaint for a divorce filed by Bobby J. Carson ("the husband") based on improper venue and to enter a judgment dismissing the complaint or transferring the action to the Calhoun Circuit Court. We deny the petition.
On January 13, 2017, the husband filed a complaint for a divorce against the wife in the Randolph Circuit Court. The husband asserted in his complaint, among other things, that the parties had been married in 2014 in Calhoun County and that they separated from each other on or about December 26, 2016, while living in Randolph County. On January 19, 2017, the wife filed a motion to dismiss the husband's complaint for a divorce. She asserted, among other things, that she is a resident of Calhoun County and had been for the six months preceding the filing of the complaint and that the parties had been residing as husband and wife in Calhoun County during the marriage. The wife argued that Randolph County was an improper venue.
On March 7, 2017, the wife filed a "verified supplemental motion to dismiss for improper venue," in which she sought a dismissal of the husband's complaint or, in the alternative, a transfer of the divorce action to the Calhoun Circuit Court. The wife attached a number of exhibits to her supplemental motion, which indicate that the parties had been married in, had conducted business in, and had resided in Calhoun County. Specifically, the wife attached to her motion the parties' marriage certificate, which was filed on September 24, 2016, in the Calhoun Probate Court and lists the husband's address in Calhoun County; the Articles of Organization and a certificate of formation of a limited-liability company ("LLC") created by the parties, which lists a principal address of the LLC and an address of the parties in Calhoun County; bank statements for the LLC, which include a mailing address in Calhoun County; business licenses issued to the husband for the LLC, which include the LLC's address in Calhoun County; a *891 copy of a blank check from the LLC indicating its address as being in Calhoun County; and other documents related to the LLC listing its address in Calhoun County. The wife also submitted as an exhibit a copy of the enrollment in Weaver High School, which is in Calhoun County, for her daughter from a previous marriage during the 2016-2017 school year. The wife asserted that she has sole physical custody of her daughter. The wife admitted that the husband maintains a piece of real property in Randolph County; she stated, however, that that property was used by the parties for holidays and weekend visits and that it was not considered the residence of either party. The wife asserted that she had been registered to vote in Calhoun County since 2010 and that her driver's license reflects a Calhoun County address. Finally, the wife submitted the affidavit of Lori Pettus, who stated, among other things, that the parties had lived in a house in Calhoun County adjacent to Pettus's home since they were married in 2014. The wife stated in her verified motion that the parties were in Randolph County at a piece of real property owned by the husband for the 2016 Christmas holiday when the parties separated, but, she asserted, neither party resided at that address in Randolph County.
The husband filed an affidavit in opposition to the wife's supplemental motion to dismiss on March 10, 2017. In his affidavit, the husband stated, among other things, that he lived at an address in Randolph County; that he and the wife had had marital problems during the last several years leading up to the filing of the complaint for a divorce and had separated a few times; that, during the marriage, they had lived in both Calhoun County and Randolph County; that the clothes and personal belongings of both parties were located in Randolph County, where, he asserted, the parties had been living in December 2016; and that he considered Randolph County to be his county of residence. The husband also stated in his affidavit that he is in the bail-bonding business, that most of his bonding work is in Calhoun County, and that he had used the parties' Calhoun County address "for convenience purposes."
On March 14, 2017, the trial court entered an order denying the wife's motion, noting that counsel for the parties had presented oral arguments and had made other submissions at a hearing on the motion, which had been conducted on March 13, 2017.
" ' "A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. Ex parte Fidelity Bank, 893 So.2d 1116, 1119 (Ala. 2004). A writ of mandamus is 'appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001)." ' "
Ex parte Brown, 963 So.2d 604, 606-07 (Ala. 2007) (quoting Ex parte Rawls, 953 So.2d 374, 377 (Ala. 2006), quoting in turn Ex parte Antonucci, 917 So.2d 825, 830 (Ala. 2005) ). "A petition for the writ of mandamus is an appropriate means by which to challenge a trial court's order refusing to transfer a case based on improper venue." Ex parte Addiction & Mental Health Servs., Inc., 948 So.2d 533, 534 (Ala. 2006).
Section 30-2-4, Ala. Code 1975, provides:
"Complaints for divorce may be filed in the circuit court of the county in which the defendant resides, or in the *892 circuit court of the county in which the parties resided when the separation occurred, or if the defendant is a nonresident, then in the circuit court of the county in which the other party to the marriage resides."
The wife cites Ex parte Watkins, 555 So.2d 1098, 1099 (Ala. Civ. App. 1989), for the proposition that "[v]enue, in a divorce action, lies in the county where the parties resided at the time of the separation, not in the county where the separation occurred." This court also observed in Watkins that "[t]he question of whether to transfer a case because of venue addresses itself to the sound discretion of the trial court, and any abuse of that discretion may be controlled by the writ of mandamus." Id. The wife cites Norton v. Norton, 48 Ala.App. 663, 267 So.2d 457 (Civ. App. 1972), in support of her assertion that this court has observed that conducting business in a particular county is a strong indicator of residence. In Norton, this court considered, among other evidence, that the former husband in that case had a post office box in the county in which the former wife had alleged the former husband was living at the time of the separation. 48 Ala.App. at 666, 267 So.2d at 459. This court observed that there was evidence before the trial court that, at the time of their separation, the parties to the proceeding were residing in the county asserted by the former wife and that there was no evidence before the court indicating that the parties did not intend to make that county, where the parties had moved shortly before the divorce action was initiated, their permanent residence. Id.
Unlike in Norton, there is evidence in the present case indicating that both parties resided in Randolph County at the time the parties separated. Although conflicting evidence was presented by the parties, because evidence was submitted that supports the trial court's judgment, we cannot conclude that the trial court abused its discretion in denying the wife's motion to change venue or to dismiss the case for improper venue. Moreover, we note that the trial court indicated in its order denying the wife's motion that it had considered "other submissions" that had been made at the hearing on the wife's motion, in addition to oral argument by the parties' attorneys. The wife has failed to include a transcript of the hearing or to identify what "other submissions" were available to the trial court at that hearing. Thus, the wife has failed to establish a clear legal right to the relief sought in her petition. See, e.g., Ex parte Lowengart, 59 So.3d 673, 679 (Ala. 2010) (indicating that, when a transcript of the hearing on the motion to dismiss and other discovery and motions were not before this court, the petitioner had not made a showing that he had a clear legal right to the relief sought in his petition for a writ of mandamus).
Because the wife has failed to show a clear legal right to the relief sought, we deny her petition for a writ of mandamus.
PETITION DENIED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.