THOMPSON, Presiding Judge.
*730 Tammera L. Hudson ("the wife") petitions this court for a writ of mandamus directing the Baldwin Circuit Court ("the trial court") to vacate its order granting the motion of Fredie Joe Hudson ("the husband") for a change of venue.
The materials submitted to this court in support of and in opposition to the petition indicate the following. On February 17, 2017, the wife filed a complaint in the trial court seeking a legal separation from the husband. On March 13, 2017, the husband filed the motion seeking to have the action transferred to Montgomery County. As the ground for his motion, the husband asserted that he is a resident of Montgomery County. He claimed that the parties had lived in Montgomery County from the time of their marriage ceremony in the Virgin Islands "up until the time they separated." The husband also alleged that his primary residence and business were in Montgomery County.
On April 6, 2017, an ore tenus hearing was held on the issue of venue. A transcript of that hearing is included in the materials submitted in support of the petition for a writ of mandamus. At the hearing, the husband testified that he had resided in Montgomery County since 1983. He said that, when the wife and he married in 2015, they lived in Montgomery County.
The husband testified that the parties separated in January 2017; however, he also testified that he had lived in Montgomery County with the wife until December 23, 2016. The husband said he had owned a house in Montgomery County ("the Montgomery County house") up until that date. After the Montgomery County house was sold, the husband said, he and the wife stayed at their vacation house on Ono Island, in Baldwin County. The husband testified that, when he obtained a divorce from her, his first wife received "rights to [the Ono Island house] half of the month." The wife testified that the husband's former wife did not use the Ono Island house. Additionally, the husband testified, he owned a house in Palm Beach, Florida. The husband testified that he had claimed a homestead exemption for the Montgomery County house. He also said that his vehicles were registered in Montgomery County, that he was registered to vote in Montgomery County, that the address on his driver's license was the address of the Montgomery County house, and that the corporate office of his business, Joe Hudson's Collision Center, is in Montgomery County.
Despite having a house on Ono Island and another house in Palm Beach, the husband said, it was his intention to reside in Montgomery County until he retired. At the time of the hearing, the husband said, he was looking to purchase another house "in [the] same community" as the Montgomery County house. He said that, when the Montgomery County house sold, it was not his intention to move to another county. At the time of the hearing, the husband said, he was living with his son at the son's home in Montgomery County or staying at the son's hunting camp. The location of the hunting camp is not mentioned in the record.
The wife testified that the husband and she were living in Baldwin County at the time they separated. She said that, from March 2016 until their separation, they spent approximately 90% of their time at the house on Ono Island. However, she also testified that, when the parties separated, the last place they had lived was in Fairhope, which is in Baldwin County. The wife acknowledged that, after she and the husband married, she moved to Montgomery, but she stated that she had custody of her child, who lived in Fairhope, and that *731 she would go to Fairhope every other week.
On April 6, 2017, after the hearing, the trial court entered an order granting the husband's motion to change venue and transfer the action. On April 19, 2017, the wife filed the petition for a writ of mandamus.
In her petition, the wife contends that the trial court erred in granting the motion for a change of venue. Specifically, she argues that the evidence indicates that the parties resided in Baldwin County at the time of their separation and, therefore, that venue was proper in Baldwin County.
"A petition for the writ of mandamus is the appropriate means by which to challenge a trial court's order regarding a change of venue. Ex parte Sawyer, 892 So.2d 898, 901 (Ala. 2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows ' " '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' " ' Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala. 2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala. 1996) ); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala. 1999)."
Ex parte Children's Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala. 2005).
" 'The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.' Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala. 1987)." Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala. 2002) ; see also Ex parte Hibbett Sporting Goods, Inc., 228 So.3d 1008, 1013 (Ala. Civ. App. 2017).
Section 30-2-4, Ala. Code 1975, governs the issue of venue in cases of divorce.[1] That statute provides:
"Complaints for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred, or if the defendant is a nonresident, then in the circuit court of the county in which the other party to the marriage resides."
"Venue, in a divorce action, lies in the county where the parties resided at the time of the separation, not in the county where the separation occurred. Norton v. Norton, 48 Ala.App. 663, 267 So.2d 457 (Ala. Civ. App. 1972)." Ex parte Watkins, 555 So.2d 1098, 1099 (Ala. Civ. App. 1989). "This court also observed in Watkins that '[t]he question of whether to transfer a case because of venue addresses itself to the sound discretion of the trial court, and any abuse of that discretion may be controlled by the writ of mandamus.' [ 555 So.2d at 1099 ]." Carson v. Carson, 237 So.3d 889, 892 (Ala. Civ. App. 2017). Furthermore, "[t]he determination of whether the parties resided in [a certain county] is a factual question resolved by the trial court after a hearing of the evidence by the court. Such a finding is given a presumption of correctness and will not be disturbed by this court unless we can say it was plainly and palpably wrong." Ex parte Greene, 527 So.2d 1320, 1321 (Ala. Civ. App. 1988).
*732 It has long been the law in Alabama that
"[t]he decisions are to the effect that 'residence' as used in such statutes is the equivalent of domicile; residence means legal residence or domicile for such purposes. Allgood v. Williams, 92 Ala. 551, 8 So. 722 [ (1891) ] ; Metcalf v. Lowther's Executrix, 56 Ala. 312 [ (1876) ]. It is therefore a mixed question of law and fact, depending upon the bona fide intention of the party."
Caheen v. Caheen, 233 Ala. 494, 496, 172 So. 618, 619 (1937).
" 'A person's domicile is that place in which his habitation is fixed, without any present intention of removing, and it embraces (1) the fact of residence and (2) the intention to remain. As a general proposition a person can have but one domicile, and when once acquired is presumed to continue until a new one is gained facto et animo, and what state of facts constitutes a change of domicile is a mixed question of law and fact.'
" Ex parte Weissinger, 247 Ala. 113, 117, 22 So.2d 510, 514 (1945)."
Skieff v. Cole-Skieff, 884 So.2d 880, 883 (Ala. Civ. App. 2003).
In this case, the evidence was disputed as to whether the husband and the wife had lived in Baldwin County since March 2016, as the wife testified, or had simply gone to stay in the house on Ono Island, of which the husband's former wife held an interest, after the sale of the Montgomery County house on December 23, 2016, as the husband's testimony demonstrated. The husband's undisputed testimony was that he never intended to reside in Baldwin County but that he was looking for a house to buy in the same community where he had owned the Montgomery County house. In the meantime, the husband said, he was living with his son in Montgomery County or staying at his son's hunting camp. The evidence also is undisputed that the husband's business is in Montgomery County. Although the husband owned three houses, he took the homestead exemption on the Montgomery County house. The husband's driver's license address displayed the address of the Montgomery County house, and the husband was registered to vote in Montgomery County.
After reviewing the materials submitted in this matter, we conclude that the trial court reasonably could have found that the separation occurred in Baldwin County but that the parties, or at least the husband, who is the defendant in the action below, resided in Montgomery County at the time the parties separated. This is true even though he had just sold the Montgomery County house. The trial court could have believed that the parties, or at least the husband, went to the house on Ono Island simply to have a place to stay until a new house could be purchased in Montgomery County. There is no evidence in the record to show that the husband ever intended to remain in Baldwin County. Under our standard of review, the trial court's determination is given a presumption of correctness, Scott v. Scott 915 So.2d 577, 579 (Ala. Civ. App. 2005), and we cannot say that the trial court clearly erred in granting the husband's motion seeking a change of venue. Ex parte Pike Fabrication, 859 So.2d at 1091. We also cannot say that the wife has shown a clear legal right to the relief she seeks. Accordingly, the petition is denied.
PETITION DENIED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

Although this is an action for a legal separation and not a divorce, the parties agree that § 30-2-4 is applicable in this case.